Lawrence Katz, Esq.
Law Offices of Lawrence Katz,
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
516-374-2118

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LARA M. SANDERS on behalf of himself and all other similarly situated consumers,<br><br>*Plaintiff,*<br><br>- against -<br><br>CACH, LLC, RESURGENT HOLDINGS LLC, and RESURGENT CAPITAL SERVICES L.P.,<br><br>*Defendant.* | **Case:** |

**COMPLAINT**

Plaintiff LARA M. SANDERS on behalf of himself and all other similarly situated consumers, by counsel Law Offices of Lawrence Katz sues Defendant, CACH LLC, RESURGENT HOLDINGS LLC, and RESURGENT CAPITAL SERVICES L.P., and states:

**JURISDICTIONAL ALLEGATIONS**

1. At all times material to this lawsuit, Plaintiff, Lara M. Sanders ("Plaintiff") is domiciled in the District of New Jersey.

2. At all times material to this lawsuit, Cach LLC ("Cach" or "Defendant") is a foreign corporation registered to do business in the State of New Jersey.

3. At all times material to this lawsuit, RESURGENT HOLDINGS LLC ("Resurgent Holdings" or "Defendant") is a foreign corporation of the State of Delaware not registered to do business in the State of New Jersey.

4. At all times material to this lawsuit, RESURGENT CAPITAL SERVICES L.P. ("Resurgent Capital" or "Defendant") is a foreign entity registered to do business in the State of New Jersey.

5. The acts necessary or precedent to bringing this lawsuit originated in the District of New Jersey.

6. Federal law governs the facts and questions of law precedent to this suit.

7. This Court has jurisdiction.

## NATURE OF ACTION

8. This lawsuit is brought for violations alleged under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, breach for contract, and a claim for a violation under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

9. 15 U.SC.A. § 1692a(3) defines consumer as "any natural person obligated or allegedly obligated to pay any debt."

10. 15 U.S.C.A. § 1681(c) a defines a consumer as an "individual".

11. Debt collectors routinely commence judicial action against consumers for alleged debt that is otherwise unascertainable.

12. The consumer is then required to defend such judicial action. Consumers are commonly unfamiliar with the judicial process. As a direct result, consumers are boxed in to either paying the illegitimate debt or incurring the costs of hiring attorneys to defend them; otherwise, the consumer faces committing prejudicial errors when defending themselves or face the consequences of an immature default judgment.

13. Defendants have a malicious practice of troubling consumers into further collection of questionable debt that were already resolved of which Defendants know or should

know cannot be validated, and as a direct result, consumers are boxed in to retain counsel and defend themselves from such frivolous/abusive collection practices.

## PARTIES

14. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) of the FDCPA and 15 U.S.C.A. § 1681(c) of the FCRA.

15. Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

16. Defendants are corporations that consists of acquiring alleged consumer debt portfolios and collecting on them.

17. Although the FCRA does not directly define the term "furnisher" or "furnishers", pursuant to 15 U.S.CA. § 1681e(d)(1)(a) Defendants are corporations who regularly and in the ordinary course of business furnishes information to credit reporting agencies with respect to consumers defined in § 1681(c).

18. As relevant herein, before settling the underlying debt, in October 2017 CACH LLC reported solo in its name only. In February 2018, Cach reported in care of RESURGENT CAPITAL SERVICES L.P. Due diligence revealed that Cach is in bankruptcy through its parenting company SquareTwo Financial Services Corporation. See *In the Bankruptcy Matter of CACH*, *LLC* S.D.N.Y. Br. 17-10663-JLG (filed March 19, 2017) jointly administered with *SquareTwo Unsecured Creditor Distribution Trust* S.D.N.Y. Br. 17-10659-JLG. According to public filings in those proceedings it appears that RESURGENT HOLDINGS has assumed the debt portfolio of Cach. At this pleading stage, Plaintiff is unable to distinguish the roles each act defendant committed in their individual capacity, in the impersonation of each

other, or as a collective and reserves the right to seek discovery and amend the complaint accordingly.

19. Without waving the right to joinder of individuals and entities party to this suit, upon information and belief, this complaint does not join other parties, if any, who cannot be a party without depriving this court of subject-matter jurisdiction because upon information and belief, the causes of action are attributed directly to the named defendant.

## RELEVANT FACTS

20. On or about December 4, 2017, Cach and Plaintiff settled with prejudice an alleged debt of $15,372.00 in consideration of payment in the sum of $1,000.00. Attached as **Exhibit A** is a stipulation of discontinuance.

21. Pursuant to the terms of the settlement agreement, on December 1, 2017, Cach defaulted on a motion to dismiss allowing the Law Division of the Superior Court of New Jersey for Essex County to dismiss Cach's claim with prejudice. Attached as **Exhibit B** is a copy of the duly filed order and in **Exhibit C** is a copy of the complaint. Then the parties executed the aforementioned stipulation of discontinuance allowing a final resolution of the underlying debt (the "Settlement").

22. On December 6, 2017, the Settlement check was negotiated and accepted by Cach as a complete resolution of any further collection activities.

23. On or about February 3, 2018, Cach reported the resolved debt as an "open account" still ">in collection<" owing $14,372.00, (an amount claimed in the dismissed complaint less the $1,000.00 settlement payment). Attached as **Exhibit D** is a copy of the report Cach made after the Settlement, on Plaintiff's credit report in care of Resurgent Capital.

24. Upon information and belief, the aforementioned false reporting of the Defendants was made willfully and deliberately. The basis for this belief, according to Plaintiff's credit report dated October 3, 2017, Cach reported the underlying debt in its name only without also disclosing that the debt was already owned or managed by Resurgent Capital or Resurgent Holding, a material omission, since Cach was already in bankruptcy since March 2017 and all of its debt was already being managed by Resurgent Capital and Resurgent Holdings. Attached as **Exhibit E** is a copy of the report Cach made before the underlying Settlement.

## RELEVANT FACTS TO THE CLASS

25. Upon information and belief, Defendants trouble consumers to retain lawyers and represent them for debts that are not collectible. The basis for this belief is that a review of complaints alleging that Defendants committed the same or similar acts to other consumers.

26. At all times relevant herein, Cach was already in bankruptcy and Defendants willfully acted in the name of Cach without disclosing that Resurgent Capital and Resurgent Holding are the current creditors and collectors.

27. Defendants injured Plaintiff's right to receive truthful information regarding the subject collection of a debt. The required truthful information includes those required in 15 U.S.C.A. § 1692e(2) of the correct amount, legal status and character of a debt.

28. The consumer does not know what Account Stated means and thus Defendants trouble consumers into disputing an already resolved debt, which for reasons beyond of the consumer's control and consideration continues being in collection.

29. Defendants intentionally continues collecting on resolved debt to humiliate the consumer in an attempt to extract further payment and in misleading the consumer

into thinking that the only way to avoid a negative credit report is to make a payment for the full collection amount irrespective of the settlement amount previously negotiated by that consumer's attorney.

30. At all times relevant herein, during the pendency of Cach's bankruptcy Defendants willfully acted in the name of Cach to extract unjust payment knowing that the consumer would have little to no success in receiving a refund for unjust payment made to Cach.

31. At all times relevant herein, Cach was already in bankruptcy and Resurgent Capital and Resurgent Holdings willfully acted in the name of Cach knowing that Cach is in bankruptcy and would have difficulties repudiating violations under the FDCPA.

32. The consumer does not know that the FDCPA provides a procedure governing a debt collector's efforts to collect a debt. The consumer does not know of the right to dispute a debt. The consumer does not know of the right that the character, legal status, and amount owed may not be misrepresented.

33. Plaintiff reserves the right and demands from Defendants discovery to review the protocol of the collection process in operation by Defendants.

34. Upon information and belief, as applied to Plaintiff, Defendants practices are applied uniformly without distinguishing between the sophisticated and the least sophisticated consumer.

*Basis and Intention for Class Certification*

35. Plaintiff brings this action individually, and on behalf of all other persons similarly situated by Rule 23 of the Federal Rules of Civil Procedure.

36. The identities of all Class members are readily ascertainable from the records of Defendants through Discovery and/or eDiscovery.

37. Defendants have logs with a record of every consumer they sued and continued collecting after the suit was disposed.

38. Defendants have logs with a record of every consumer they reported during the bankruptcy of Cach without also reporting that the debt is managed by Resurgent Holdings and/or Resurgent Capital.

39. Plaintiff's class does not include individuals who are officers, members, partners, managers, directors, and employees of either Defendants.

40. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of troubling consumers into the costs of defending resolved debt as owed is a cause for liability under the FDCPA.

41. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of collecting resolved debt as owed is a basis for liability under the FDPCA.

42. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of communicating to third parties' information about resolved debt as owed is a cause for a liability under the FDCPA.

43. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of communicating to third parties' information about consumer credit without also reporting the correct collection entity is a cause for liability under the FDCPA and/or FCRA.

44. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of communicating to third parties' information about consumer credit without also updating the consumer of a change of collection entities handling the debt is a cause for liability under the FDCPA

45. The question of law and fact common to the Plaintiff's Class is whether Defendants are liable for statutory penalties to each member of Plaintiff's Class as it is liable to Plaintiff.

46. The Plaintiff's claims are typical to the Class members, as outlined, based upon the same operative facts and legal theories.

47. The Plaintiff can protect the interests of the Plaintiff's Class fairly and adequately represent them before the Court.

48. The Plaintiff retained experienced counsel in good standing, who will vigorously pursue this action in the best interest of the Plaintiff's Class.

49. This Class action will preserve adjudications from inconsistent and varying rulings, including exercising the appeals process.

50. This Class action will preserve judicial resources because Plaintiff's Class is so numerous that joinders of all members, the prosecution of all claims individually would be impractical, or that Plaintiff not pursuing the valid claims common to each member of Plaintiff's Class would constitute a manifest of injustice.

51. This Class action will protect Class as a practical matter, including the consumer, who would have difficulties starting an action by themselves to assert his or her rights.

52. Certification of a Class under FRCP Rule 23(b)(2) will determine whether Defendants third party communication, riddled with violations under the FDCPA, is the same as with each member of Plaintiff's Class, where tantamount to declaratory relief and monetary relief under the FDCPA would be merely identical to that determination.

53. Class Certification under FRCP Rule 23(b)(3) will show that the questions of law and fact common to all member of the Plaintiff's Class predominate over any questions affecting an individual member, and a Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54. Notice is hereby given, depending on the outcome of further investigation and discovery, at the time of Class certification motion Plaintiff may seek to certify one or more classes only as to particular issues relevant to this complaint pursuant to Fed. R. Civ. P. 23(c)(4).

## FIRST CLAIM FOR RELIEF

55. Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 54, for relief on behalf of herself and all others similarly situated against Defendants under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692e *et seq*.

56. In violation of 15 U.S.C.A. § 1692e(2)(A), by continuing to collect debt as past due when such debt has already been resolved Defendants falsely misrepresent the character, amount, and legal status of such debt.

57. As a direct result, Defendants caused Plaintiff damages by hassling the consumer to further retain counsel, stress in not knowing whether the debt has been completely resolved, and incurred statutory damages.

58. In violation of 15 U.S.C.A. §§ 1692e(10), (14), upon collecting debt in care of Cach, Defendants Resurgent Capital and Resurgent Holdings failed to inform or otherwise update consumers with the elementary information required pursuant to § §1692g(a)(1),(2), (5) of the amount of the debt and the names of the current creditor and collector.

59. As a direct result, Defendants caused Plaintiff damages by withholding truthful information that is material for the consumer, stress in not knowing the identity of the collector responsible for resolving the debt, and incurred statutory damages.

## SECOND CLAIM FOR RELIEF

60. Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 59, for relief on behalf of her against Defendants for breach of contract.

61. The parties duly preformed an agreement to settle the subject debt in exchange of payment for $1,000.00, which Plaintiff duly paid.

62. Defendants breached the forgoing agreement by continuing collection activities two months after receiving from plaintiff the settlement payment.

63. As a direct result, Defendants caused Plaintiff damages by hassling the consumer to further retain counsel, stress in not knowing whether the debt has been completely resolved, and committed harassment to hurt Plaintiff in an ill effort to extract unjust payment from Plaintiff.

## THIRD CLAIM FOR RELIEF

64. Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 63, for relief on behalf of her against Defendants for reporting inaccurate information on Plaintiff's credit report.

65. In violation of 15 U.S.C.A. § 1692e(8) Defendants communicated credit information to a third party which is known or which should be known to be false, namely that a debt is owed and is in collection when in essence such debt has been months earlier mutually resolved.

66. In violation of 15 U.S.C.A. § 1681s-2(a)(1)(A), Defendants furnished information relating to Plaintiff to a consumer reporting agency knowing, or having had reasonable cause to believe, that the information is inaccurate when in essence such debt has been months earlier mutually resolved and no longer eligible for collection.

## **FOURTH CLAIM FOR RELIEF**

67. Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 66 for relief on behalf of herself for mispresenting the compensation received.

68. In violation of 15 U.S.C.A. § 1692e(2)(B) Defendants mispresented the compensation received as a partial payment instead of a full satisfaction of the debt.

69. As a direct result, Defendants caused Plaintiff damages by hassling the consumer to further retain counsel, stress in not knowing whether the debt has been completely resolved, and incurred statutory damages.

## **PRAYER FOR RELIEF**

70. Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

**WHEREFORE**, Plaintiff respectfully asks the Court to enter judgment in Plaintiff's favor and award damages as follows:

a) FOR EACH CLAIM FOR RELIEF against CACH LLC, RESURGENT HOLDINGS LLC, and RESURGENT CAPITAL SERVICES L.P., (i) recovery of actual damages, (ii) recovery of statutory damages for Plaintiff, and (iii) costs with attorney's fees, and (iv) such further and any other relief deemed just and equitable.

b) FOR the FIRST CLAIM FOR RELIEF against CACH LLC, RESURGENT HOLDINGS LLC, and RESURGENT CAPITAL SERVICES L.P., (i) class certification, (ii) recovery of statutory damages for Plaintiff, and (iii) costs with attorney's fees, and (iv) such further and any other relief deemed just and equitable

c) Plaintiff respectfully demands a trial by jury of all claims so triable.

Dated: Valley Stream, New York
January 23, 2019

        Respectfully submitted,

Law Offices of Lawrence Katz,

/s/ Lawrence Katz
By:    Lawrence Katz, Esq.,

70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 374-2118

*Attorneys for Plaintiff*