# SUMMONS

Fred G. Daniels, Esq.
Federated Law Group, PLLC
887 Donald Ross Road
Juno Beach, Florida 33408
Telephone: (888)-362-7684
Email: fdaniels@federatedlaw.com
NJ Attorney ID No. 005521975
Attorney(s) for Plaintiff

| | |
|---|---|
| CACH, LLC<br><br>Plaintiff,<br><br>vs.<br><br>LARA M SANDERS<br><br>Defendant(s). | SUPERIOR COURT OF<br>NEW JERSEY<br><br>ESSEX COUNTY<br>LAW DIVISION, CIVIL PART<br><br>Docket Number: ESX L 4958-17<br><br>CIVIL ACTION<br>SUMMONS |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf. If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Date: July 20, 2017

/s/ Michelle M. Smith, Esq
Clerk of the Superior Court

Name of Defendant to be served: **LARA M SANDERS**

Address of Defendant to be served: 8 Mayfair Dr
West Orange, NJ 07052

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT
(CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| | |
|---|---|
| ATTORNEY / PRO SE NAME: Fred G. Daniels, Esq. | TELEPHONE NUMBER: (888) 362-7684 |
| FIRM NAME (if applicable): Federated Law Group, PLLC | COUNTY OF VENUE: Essex |
| OFFICE ADDRESS: 887 Donald Ross Rd, Juno Beach, FL 33408 | DOCKET NUMBER (when available): 4958-17 |
| | DOCUMENT TYPE: Complaint |
| | JURY DEMAND: ☐ YES ☒ NO |

NAME OF PARTY (e.g., John Doe, Plaintiff): CACH, LLC
CAPTION: CACH, LLC (Plaintiff) vs. LARA M SANDERS

CASE TYPE NUMBER (See reverse side for listing): 599
HURRICANE SANDY RELATED? ☐ YES ☒ NO
IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ☐ NO
IF YES, LIST DOCKET NUMBERS:

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO
NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known): ☐ NONE ☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ Yes ☐ No
IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☒ OTHER (explain)

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ No
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ No
IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 06/05/2017, CN 10517
page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59

Fred G. Daniels, Esq.
NJ Attorney ID No. 005521975
887 Donald Ross Road
Juno Beach, Florida 33408
Telephone: (888)-362-7684
Email: fdaniels@federatedlaw.com
Attorneys for Plaintiff

| | |
|---|---|
| CACH, LLC<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LARA M SANDERS<br><br>　　　　Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, CIVIL PART<br>ESSEX COUNTY<br><br>Civil Action Number: 4958-17<br><br>COMPLAINT |

Plaintiff, CACH, LLC, through its undersigned counsel, by way of Complaint against the above named Defendant(s), says:

## STATEMENT OF PARTIES AND VENUE

1. Plaintiff, CACH, LLC, is a corporation organized under the laws of the State of Colorado.

2. Defendant, LARA M SANDERS, is an individual residing at 8 Mayfair Dr, West Orange, NJ 07052 in the county of ESSEX, in the State of New Jersey.

3. Venue is proper for this action.

## FIRST COUNT - BREACH OF CONTRACT

4. Citibank, N.A. (hereinafter the "Issuer") issued a credit card in the name of the Defendant, and the last four digits of this account are 2349.

5. The issuance of a credit card constitutes the offer of a contract, and the use of a credit card constitutes acceptance of the terms of the cardmember agreement. *See Novack v. Cities Service Oil Co.*, 149 N.J.Super. 542, 548 (Law Div.1977) *(citing City Stores Co. v. Henderson*, 156 S.E.2d 818, 823 (Ga.Ct.App.1967)); *Grasso v. First USA Bank*, 713 A.2d 304 (Del 1998).

6. Even in the absence of a cardmember agreement, an implied contract under quasi-contract theory is created once a recipient of the credit card uses it to make a purchase. *See Sears Roebuck & Co. v. Ragucci*, 203 N.J. Super. 82 (Law Div. 1985). Quasi-contracts are created by law without regard to whether there was an agreement to pay for goods or services rendered. *See Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 108 (App. Div. 1966).

7. Defendant defaulted on the obligation to make monthly payments on the credit card account, and the card was subsequently canceled. The entire balance on the credit card account is presently due and payable in full.

8. Plaintiff is the current owner of this credit card account and retains all rights, title, and interest to this debt as originally bestowed upon the original creditor, as set forth in **Exhibit A**.

9. By using and/or authorizing the use of the credit card, Defendant accepted the contract with the Issuer and became obligated to pay for all charges incurred on the credit card. Defendant also became subject to all the terms and conditions of the Issuer's cardmember agreement.

10. Monthly billing statements were rendered to the Defendant reflecting all the charges incurred on the credit card including the monthly minimum payment and the total balance owed, a true copy of which is attached as **Exhibit B**. To the best of Plaintiff's knowledge and belief, Defendant did not dispute the charges reflected on these monthly billing statements.

11. Defendant is indebted to Plaintiff in the amount of $15,372.51, which is the balance due on the credit card. Plaintiff is also entitled to recover contractual interest at the rate provided for in the Issuer's contract with the Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of $15,372.51, together with statutory interest pursuant to R 4:42-11, any post judgment interest at the maximum rate allowed by law, court costs, reasonable attorney fees, and for all such other relief as the court may deem proper.

### SECOND COUNT – MONEY HAD AND RECEIVED

12. Plaintiff repeats each and every allegation of the First Count and incorporates the same herein.

.25 = $3,843

13. In the alternative, and without waiving the foregoing, Defendant received and used (or authorized the use of) the credit card knowing that the Issuer expected to be repaid for all charges incurred on the credit card. With each use of the credit card, the Issuer paid money on Defendant's behalf to the merchants that accepted the credit card as payment. Defendant is liable for repayment of such sums under the legal doctrine of money had and received. *See Redding v. Burlington County Welfare Bd.* 65 N.J. 439 (N.J. 1974).

14. Plaintiff is the assignee of the Issuer's right to be repaid by Defendant for such money had and received. Plaintiff is entitled to recover from Defendant the sum of $15,372.51, that being the balance due through the date the account was charged-off. Plaintiff seeks judgment for such sums, together with post judgment interest at the maximum rate allowed by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of $15,372.51, together with statutory interest pursuant to R 4:42-11, any post judgment interest at the maximum rate allowed by law, court costs, reasonable attorney fees, and for all such other relief as the court may deem proper.

### THIRD COUNT - ACCOUNT STATED

15. Plaintiff repeats each and every allegation of the First through Second Counts and incorporates the same herein as if set forth at length.

16. In the alternative, and without waiving the foregoing, Plaintiff alleges that Defendant's use of the credit card to purchase goods and services created a series of transactions between the Defendant and the Issuer, which clearly showed an account stated in favor of Plaintiff. Under the legal theory of account stated, these transactions represent an express or implied agreement between the creditor and debtor about the amount due, and an express and implied promise from the debtor to pay the creditor the amount due, if the debtor does not dispute that amount owed. *See Adolph Hirsch & Co. v. James C. Malone, Inc.*, 99 N.J.L. 473 (E & A. 1924).

17. Statements were rendered monthly to Defendant. To the best of Plaintiff's knowledge, Defendant did not dispute the charges reflected on the credit card account. Defendant is liable to Plaintiff, the assignee of the account, for the account balance together with interest at the rate allowed by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of $15,372.51, together with statutory interest pursuant to R 4:42-11, any post judgment interest at the maximum rate allowed by law, court costs, reasonable attorney fees, and for all such other relief as the court may deem proper.

## R. 4:5-1 CERTIFICATION

Pursuant to R. 4:5-1, I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

## R. 1:38-7(b) CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

I further certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are knowingly false, I am subject to punishment.

Date:

Fred G. Daniels Of Counsel.
Federated Law Group, PLLC
Attorneys for Plaintiff