<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF                                                                MARTIN LUTHER KING COURTHOUSE
**SUSAN D. WIGENTON**                                                          50 WALNUT ST.
UNITED STATES DISTRICT JUDGE                                                  NEWARK, NJ 07101
                                                                              973-645-5903

September 10, 2019

Lawrence Katz, Esq.
Law Offices of Lawrence Katz
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
*Counsel for Plaintiff*

Monica M. Littman, Esq.
Richard J. Perr, Esq.
Fineman Krekstein & Harris, P.C.
1801 Market Street
Suite 1100
Philadelphia, PA 19103
*Counsel for Defendants*

**<u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>**

Re:   **Lara M. Sanders v. CACH, LLC, et al.**
      **Civil Action No. 19-996 (SDW) (JAD)**

Counsel:

Before this Court is Defendants CACH LLC ("CACH"), Resurgent Holdings LLC ("Resurgent Holdings"), and Resurgent Capital Services LP's ("Resurgent Capital") (collectively "Defendants") Motion to Dismiss Plaintiff Lara M. Sanders' ("Plaintiff") Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED in part**, **and DENIED in part**.

## I.   PROCEDURAL HISTORY

In or around July 2017, Defendant CACH commenced a debt-collection action against Plaintiff in the Superior Court of New Jersey, alleging that Plaintiff had incurred credit card debt

in the amount of $15,372.00.  (Am. Compl. ¶ 25, ECF No. 21; *see also* ECF No. 21-3[1].)  On December 4, 2017, CACH and Plaintiff allegedly settled the state-court action for $1,000.00, and the parties executed a stipulation of discontinuance with prejudice.  (Am. Compl. ¶ 27; *see also* ECF No. 21-1.)  On December 6, 2017, CACH accepted the settlement check "as a complete resolution of any further collection activities."  (Am. Compl. ¶ 29.)  In a letter dated January 30, 2018, Defendant Resurgent Capital notified Plaintiff that her account with CACH "was settled in full on 12/06/2017."  (ECF No. 21-6.)

Despite the parties' settlement agreement, Plaintiff alleges that between January 10, 2018 and February 7, 2018, Defendants continued to report that she owed a debt.  Specifically, on January 10, 2018, Defendants "reported the debt on Plaintiff's account as owed in full, less the amount received for the settlement[.]"  (Am. Compl. ¶ 30.)  Again, "[o]n or about February 3, 2018, [CACH] reported the resolved debt as an 'open account' still '>in collection<' owing $14,372.00[.]"  (*Id.* ¶ 34.)  And "on February 7, 2018 the debt was updated as owed in full without recognizing the settlement amount[.]"  (*Id.* ¶ 32.)  Plaintiff further alleges that Defendants failed to disclose that at all relevant times, CACH was in bankruptcy and that Resurgent Capital and Resurgent Holdings were the actual creditors and collectors of the debt at issue.  (*Id.* ¶ 38; *see also id.* ¶ 75 (referring to Resurgent Holdings as the "de jure owner" of CACH's debt portfolio).)

On January 23, 2019, Plaintiff brought the instant suit against Defendants as a putative-class action.  (ECF No. 1.)  On May 30, 2019, Plaintiff filed an Amended Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and breach of contract.  On June 13, 2019, Defendants filed the instant Motion to Dismiss.  (ECF Nos. 22-23.)  Plaintiff opposed the motion on July 15, 2019[2], and Defendants replied on July 29, 2019.  (ECF Nos. 25-26.)

## II.    STANDARD OF REVIEW

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept

---

[1] According to the complaint filed in the state-court action, Plaintiff's alleged indebtedness was $15,372.51.  (ECF No. 21-3 at 5 ¶ 11.)

[2] This Court notes that Plaintiff's brief is not in compliance with Local Civil Rule 7.2(b) or (d).  Plaintiff is advised that in the future, its submissions will be stricken should it fail to adhere to the Court's formatting or font-size requirements.

as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.*

## III.   DISCUSSION

The FDCPA, 15 U.S.C. § 1692 *et seq.*, provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices[.]" 15 U.S.C. § 1692(a).  Courts analyzing FDCPA claims apply an objective "least sophisticated debtor" standard. *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 280 (3d Cir. 2018).  "This standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Knight v. Midland Credit Mgmt., Inc.*, 755 F. App'x 170, 174 (3d Cir. 2018) (quoting *Caprio Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013)).  It protects "'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006).  However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (citations omitted).  "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008) (citations omitted); *see also Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 568-69 (D.N.J. 2012).

> To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."

*Levins*, 902 F.3d at 280 (quoting *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 427 (3d Cir. 2018)).

### A.

Section 1692e of the FDCPA prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.[3]  A communication is false, deceptive or misleading "when it can reasonably be read to

---

[3] Section 1692e provides a non-exhaustive list of conduct that would violate the section, such as: falsely representing "the character, amount, or legal status of any debt[,]" § 1692e(2)(A); falsely representing "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt[,]" § 1692e(2)(B); "[c]ommunicating or threatening to communicate to any person credit information which is known or which should

have two or more meanings, one of which is inaccurate or contradictory to another requirement." *Devito*, 908 F. Supp. 2d at 571 (citing *Wilson*, 225 F.3d at 354); *see also Campuzano-Burgos v. Midland Credit Mgmt., Inc*., 550 F.3d 294, 298 (3d Cir. 2008).

Here, Defendants argue that any alleged violations of 15 U.S.C. §§ 1692e(10) and (14) that occurred in October 2017 or on January 10, 2018 are barred by the FDCPA's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs.").[4] This does not appear to be in dispute as Plaintiff clarifies in her opposition brief that the "essential dates for liability . . . are February 7, 2018 and February 13 [sic], 2018."[5] (Pl.'s Opp'n Br. at 2, ECF No. 25.) Therefore, inasmuch as they relate to CACH's reports from February 2018, Plaintiff may proceed with her § 1692e claims.

This Court finds, however, that Plaintiff has not pled sufficient facts to suggest that Resurgent Holdings made any representations in connection with the debt at issue. The credit reports attached to the Amended Complaint reflect that the February 3, 2018 report was made by CACH "C/O RESURGENT CAPITAL SERVICES[.]" (ECF No. 21-7; *see also* Am. Compl. ¶ 23.) Additionally, the February 7, 2018 report shows that CACH alone had reported the debt. (ECF No. 21-5.) Though the Amended Complaint relies on public bankruptcy filings to suggest that Resurgent Holdings may have assumed CACH's debt portfolio, Plaintiff admittedly states that at this juncture, she is "unable to distinguish the roles each act [sic] defendant committed in their individual capacity, in the impersonation of each other, or as a collective[.]" (Am. Compl. ¶ 23.) In response, Defendants have submitted documents from CACH's bankruptcy proceedings that suggest that a "Reorganized CACH," rather than Resurgent Holdings, took on CACH's debt portfolio. (*See* Defs.' Moving Br. at 2-3, ECF No. 23; *see also* Ex. A, ECF No. 23-1 at 28 ("[A]ll property of the Estates of the Debtors, including all claims, rights and Causes of Action, and any property acquired by the Debtors under or in connection with the Plan, shall vest in each respective Reorganized Debtor[.]"); *id.* at 2 n.1 (listing CACH as a "Debtor").)[6] Ultimately, Resurgent Holding's relationship to CACH and the debt at issue is unclear from the pleadings. As such, Plaintiff has failed to state a claim against Resurgent Holdings. Should discovery show that

---

[4] The Third Circuit has held that "§ 1692k(d)'s one-year limitations period begins to run when a would-be defendant violates the FDCPA, not when a potential plaintiff discovers or should have discovered the violation." *Rotkiske v. Klemm*, 890 F.3d 422, 424 (3d Cir. 2018), *cert. granted*, 139 S. Ct. 1259(Mem).

be known to be false, including the failure to communicate that a disputed debt is disputed[,]" § 1692e(8); using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[,]" § 1692e(10); or using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization[,]" § 1692e(14).

[5] Although Plaintiff indicates in her brief that credit reporting occurred on "February 13, 2018," this Court understands her to mean "February 3, 2018." (*See* Am. Compl. ¶ 34; *see also* ECF No. 21-7 (indicating "Date Updated: 02/03/2018).)

[6] Whereas the Amended Complaint references the bankruptcy proceeding *In re SquareTwo Financial Services Corporation*, Case No. 17-10659 (Bankr. S.D.N.Y.), and because the filings in the matter are public record, this Court may consider the documents attached to Defendants' motion (i.e., "Findings of Fact, Conclusions of Law and Order (A) Approving Prepetition Solicitation Procedures, (B) Approving Adequacy of Disclosure Statement, and (C) Confirming Modified Joint Prepackaged Chapter 11 Plan for SquareTwo Financial Services Corporation and its Affiliated Debtors) on a motion to dismiss without converting the motion to one for summary judgment. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

Resurgent Holdings should be named in this action, the Amended Complaint may be amended again thereafter.[7]

B.

Plaintiff also alleges that "Defendants failed to inform or otherwise update consumers with the elementary information required pursuant to §§ 1692g(a)(1), (2), (5)[.]"  (Am. Compl. ¶ 72.) Those FDCPA subsections provide:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed; . . .
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §§ 1692(g)(a)(1), (2), (5).

Here, Plaintiff does not allege that Defendants sent any communications that would trigger FDCPA's notice requirements.  Defendants' only alleged communication "with the consumer" was Resurgent Capital's January 30, 2018 letter, which verified that the debt at issue had been settled.  (Am. Compl. ¶ 33; ECF No. 21-6.)  Therefore, Plaintiff's § 1692g(a) claim will be dismissed.

C.

"To establish a breach of contract claim under New Jersey law, a plaintiff must show that: (1) 'the parties entered into a valid contract,' (2) 'the defendant failed to perform his obligations under the contract,' and (3) [the plaintiff] 'sustained damages as a result.'"  *Ensey v. Gov't Emp'rs Ins. Co.,* 663 F. App'x 172, 176 (3d Cir. 2016) (quoting *Murphy v. Implicito*, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007)).  Here, Plaintiff alleges that Defendants breached their "agreement to settle the subject debt" "by continuing collection activities two months after receiving . . . the settlement payment[.]"  (Am. Compl. ¶¶ 74, 78.)  However, other than "harassment" and the cost of retaining counsel to bring the instant action, (*id*. ¶ 79), Plaintiff has not sufficiently alleged any actual damages that are causally related to the breach.  There is no indication that her credit score was damaged or that she suffered "economic loss associated with counsel fees from *defending* against Defendants' allegedly erroneous collection actions[.]"  *Cf. Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 577 (D.N.J. 2016) (emphasis added)

---

[7] Because Plaintiff's claims against Resurgent Holdings are being dismissed pursuant to Rule 12(b)(6), this Court need not address whether the defendant should also be dismissed pursuant to Rule 12(b)(2).

(aggregating cases that found such injuries were cognizable breach of contract damages in the context of trial home mortgage modifications); *see also DiMisa v. Acquaviva*, 969 A.2d 1091, 1095 (N.J. 2009) (explaining that with certain exceptions, "our judicial system is best served if parties are responsible for bearing their own counsel fees").  Because Plaintiff has not sufficiently pled cognizable damages, her breach of contract claim is dismissed.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED in part**, **and DENIED in part**.  Specifically, the motion is granted only as to Plaintiff's § 1692g(a) claims, breach of contract claim, and claims against Resurgent Holdings.[8]  An appropriate Order follows.


_____/s/ Susan D. Wigenton_____
SUSAN D. WIGENTON, U.S.D.J

Orig:   Clerk
cc:     Parties
        Joseph A. Dickson, U.S.M.J.

---

[8] This Court notes that although the instant motion initially sought dismissal of Plaintiff's FCRA claims, Defendants withdrew those arguments in their reply brief.  (Defs.' Reply Br. at 7, ECF No. 26.)