## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**FINEMAN KREKSTEIN & HARRIS, P.C.**
*A Pennsylvania Professional Corporation*
BY    RICHARD J. PERR, ESQUIRE
       MONICA M. LITTMAN, ESQUIRE
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103-1628
(v) 215-893-9300; (f) 215-893-8719
rperr@finemanlawfirm.com
mlittman@finemanlawfirm.com
**Attorneys for Defendant CACH, LLC**

| | | |
|---|---|---|
| LARA M. SANDERS, on behalf of herself and all other similarly situated consumers | : : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | NO. 2:19-cv-00996- SDW-JAD |
| CACH, LLC, RESURGENT HOLDINGS, LLC., and RESURGENT CAPITAL | : : | |
| Defendants | : | |

### ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANT, CACH, LLC

      Defendant, CACH, LLC ("CACH"), by and through its undersigned counsel, hereby states its Answer and Affirmative Defenses to the Amended Complaint of Plaintiff, Lara M. Sanders, as follows:

### JURISDICTIONAL ALLEGATIONS

  1.  At all times material to this lawsuit, Plaintiff, Lara M. Sanders ("Plaintiff") a consumer, is domiciled in the District of New Jersey.

    **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1.

{01636023;v1}          1

2.  At all times material to this lawsuit, Cach LLC ("Cach" or "Defendant") is a foreign corporation registered to do business in the State of New Jersey.

**ANSWER:** ADMITTED.

3.  At all times material to this lawsuit, RESURGENT HOLDINGS LLC ("Resurgent Holdings" or "Defendant") is a foreign corporation of the State of Delaware not registered to do business in the State of New Jersey.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3. Responding further, Defendant states that Resurgent Holdings, LLC was dismissed from this action pursuant to the Court's September 10, 2019 Opinion and Order.

4.  At all times material to this lawsuit, RESURGENT CAPITAL SERVICES L.P. ("Resurgent Capital" or "Defendant") is a foreign entity registered to do business in the State of New Jersey.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4.

5.  The acts necessary or precedent to bringing this lawsuit originated in the District of New Jersey.

**ANSWER:** DENIED.

6.  Federal law governs the facts and questions of law precedent to this suit.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief

as to the allegations contained in Paragraph 6.

7.  This Court has jurisdiction.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7.

## NATURE OF ACTION

8.  This lawsuit is brought for violations alleged under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., breach for contract, and a claim for a violation under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**ANSWER:** DENIED. Responding further, Defendant states that the breach of contract claim was dismissed pursuant to the Court's September 10, 2019 Opinion and Order.

9.  Two controversies are brought before the Court: First, whether a consumer's rights are violated when a debt collector engages in further collection against a consumer after a debt has been resolved via a settlement. Second, when a collector acquires another collector's business through a bankruptcy proceeding whether the collector must disclose its name pursuant to 15 U.S.C. § 1692e(14) or whether the collector can continue to do business in the name of the predecessor.

**ANSWER:** DENIED.

10. 15 U.SC.A. § 1692a(3) defines consumer as "any natural person obligated or

allegedly obligated to pay any debt."

**ANSWER:** Defendant ADMITS only the strict language of 15 U.SC.A. § 1692a(3) and DENIES any remaining allegations in Paragraph 10.

11. 15 U.S.C.A. § 1681(c) a defines a consumer as an "individual".

**ANSWER:** Defendant ADMITS only the strict language of 15 U.SC.A. § 1681(c) and DENIES any remaining allegations in Paragraph 11.

12. The subject debt arises from a consumer debt involving credit card that was used for personal expenses.

**ANSWER:** Defendant ADMITS that the subject debt stems from a credit card. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 12.

13. Debt collectors routinely commence judicial action against consumers for alleged debt that is otherwise unascertainable.

**ANSWER:** DENIED.

14. The consumer is then required to defend such judicial action. Consumers are commonly unfamiliar with the judicial process. As a direct result, consumers are boxed in to either paying the illegitimate debt or incurring the costs of hiring attorneys to defend them; otherwise, the consumer faces committing prejudicial errors when defending themselves or face the consequences of an immature default judgment.

**ANSWER:** DENIED.

15. If an attorney is successful is [sic] negotiating a settlement on behalf of the consumer, one would think that once the settlement is executed that the collector would cease collecting and stop publicizing that the consumer has a balance past due.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15.

16. Defendants have a malicious practice of troubling consumers into further collection of questionable debt that were already resolved of which Defendants know or should know has no basis for further collection activities and as a direct result, consumers are boxed in to retain counsel and defend themselves from such frivolous/abusive collection practices.

**ANSWER:** DENIED.

17. The consequences of such collection practices tell the consumer who are [sic] not as sophisticated, or the consumer who cannot afford retaining an attorney for a second time, that the settlement is meaningless and that the collection would only end if the consumer pays whatever amount the collector demands, irrespective of the agreed settlement terms.

**ANSWER:** DENIED.

18. Such conduct is on its face the type of abuse the Courts are tasked under the FDCPA and FCRA to adjudicate.

**ANSWER:** DENIED.

**PARTIES**

19. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) of the FDCPA and 15 U.S.C.A. § 1681(c) of the FCRA.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19.

20. Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 20.

21. Defendants are corporations that consists of acquiring alleged consumer debt portfolios and collecting on them.

**ANSWER:** Defendant ADMITS that it is a passive debt buyer. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 21.

22. Although the FCRA does not directly define the term "furnisher" or "furnishers", pursuant to 15 U.S.CA. § 1681e(d)(1)(a) Defendants are corporations who regularly and in the ordinary course of business furnishes information to credit reporting agencies with respect to consumers defined in § 1681(c).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief

as to the remaining allegations contained in Paragraph 22.

23. As relevant herein, before settling the underlying debt, in October 2017, the underlying debt was reported on Plaintiff's credit report in the sole name of Cach. On or about January 10, 2018, after settling the alleged debt, the underlying debt was reported on Plaintiff's credit report in the sole name of Cach.  In February 2018, the underlying debt was reported by Cach in care of Resurgent Capital.  Due diligence revealed that Cach is in bankruptcy through its parenting company SquareTwo Financial Services Corporation. *See In the Bankruptcy Matter of CACH, LLC* S.D.N.Y. Br. 17-10663-JLG (filed March 19, 2017) jointly administrated with *SquareTwo Unsecured Creditor Distribution Trust* S.D.N.Y. Br. 17-10659- JLG. According to public filings in those proceedings it appears that Resurgent Holdings has assumed the debt portfolio of Cach, and a transition service agreement has been entered into with Resurgent Capital. At this pleading stage, Plaintiff is unable to distinguish the roles each act [sic] defendant committed in their individual capacity, in the impersonation of each other, or as a collective, and reserves the right to seek discovery and amend the complaint accordingly. In particular, Plaintiff reserves the right to seek judgment against the entity or entities responsible for the violations alleged herein.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to how information appeared at any time on Plaintiff's credit report. Defendant

ADMITS that it filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York, Case No. 17-10663, and jointly administered under *In re SquareTwo Financial Services Corporation et al.*, Case No. 17-10659 and that SquareTwo was its parent corporation prior to reorganization. Defendant DENIES the remaining allegations in Paragraph 23.

24. Without waving the right to joinder of individuals and entities party to this suit, upon information and belief, this complaint does not join other parties, if any, who cannot be a party without depriving this court of subject-matter jurisdiction because upon information and belief, the causes of action are attributed directly to the named defendant.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24

## RELEVANT FACTS

25. In 2017, Cach commenced proceedings in the superior court to collect on a consumer debt in the sum of $15,372.00 allegedly owed by the Plaintiff and at the time Cach was aware that the alleged debt was a consumer debt and that Plaintiff was a consumer.

**ANSWER:** Defendant ADMITS that it commenced proceedings, through counsel, in state court to collect a debt from Plaintiff in the sum of $15,372.51. Defendant DENIES the remaining allegations in Paragraph 25.

26. Plaintiff vigorously contested that action brought by Cach in superior court.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26.

27. On or about December 4, 2017, Cach and Plaintiff settled with prejudice an alleged debt of $15,372.00 in consideration of payment in the sum of $1,000.00. Attached as **Exhibit A** is a stipulation of discontinuance.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 as the matter was handled by counsel.

28. Pursuant to the terms of the settlement agreement, on December 1, 2017, Cach defaulted on a motion to dismiss allowing the Law Division of the Superior Court of New Jersey for Essex County to dismiss Cach's claim with prejudice. Attached as **Exhibit B** is a copy of the duly filed order and in **Exhibit C** is a copy of the complaint. Then the parties executed the aforementioned stipulation of discontinuance allowing a final resolution of the underlying debt (the "Settlement").

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 as the matter was handled by counsel.

29. On December 6, 2017, the Settlement check was accepted and negotiated by Defendants as a complete resolution of any further collection activities.

**ANSWER:** Defendant DENIES that it accepted and negotiated the settlement payment. Defendant lacks knowledge or information sufficient to form a belief as to

9

the remaining allegations contained in Paragraph 29 as the matter was handled by counsel.

30. On or about January 10, 2018, Defendants reported the debt on Plaintiff's account as owed in full, less the amount received for the settlement, and the report was made in the sole name of "Cach LLC." Attached as **Exhibit D** is a copy of the notification Plaintiff received advising of said report.

**ANSWER:** Defendant ADMITS that on or about January 10, 2018 the balance of the debt was reported as $14,372.00. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 30.

31. Said report of January 10, 2018, was made by Defendants without disclosing that such debt previously owed by CACH is now owned by Resurgent Holdings.

**ANSWER:** Defendant DENIES that the debt was owned by Resurgent Holdings and ADMITS that the data submitted in January 2018 did not include that false representation. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations.

32. The same day, on January 10, 2018, Plaintiff disputed the debt with TransUnion, and on February 7, 2018 the debt was updated as owed in full without recognizing the settlement amount and the update was made in the sole name of Cach. Attached as Exhibit E is a copy of Plaintiff's record received from TransUnion recording the dispute and the response provided in the name of Cach LLC.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32.

33. Meanwhile, on or about January 30, 2018, Resurgent Capital issued a letter to Plaintiff stating that the "Current Owner" of the debt is "Cach, LLC," without disclosing that CACH has been assumed by Resurgent Holdings, and stated that "This letter will verify that this account was settled in full on 12/06/2017." Attached as **Exhibit F** is a copy of the letter received by Plaintiff.

**ANSWER:** Defendant DENIES that CACH was assumed by Resurgent Holdings. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 33.

34. On or about February 3, 2018, Cach reported the resolved debt as an "open account" still ">in collection<" owing $14,372.00, (an amount claimed in the dismissed complaint less the $1,000.00 settlement payment). Attached as **Exhibit G** is a copy of the February 3, 2018 report made in the name of Cach after the Settlement and reported on Plaintiff's credit report in care of Resurgent Capital.

**ANSWER:** Defendant ADMITS that on or about February 3, 2018 the debt was as an open account in collection in the amount of $14,372.00. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 34.

35. Upon information and belief, the aforementioned false and misleading

reporting of the Defendants was made willfully and deliberately. The basis for this belief is as follows:   According to Plaintiff's credit report dated October 3, 2017, Cach reported the underlying debt in its name only without also disclosing that the debt was already owned or managed by Resurgent Capital and/or Resurgent Holding, a material omission, because Cach was already in bankruptcy since March 2017 and as of June 9, 2017 all of Cach's debt was already owned or being managed by Resurgent Holdings and/or Resurgent Capital. The aforementioned material omission that the debt was owned or managed by Resurgent Capital and/or Resurgent Holdings was repeated on January 10, 2018.

**ANSWER:** DENIED.

36. Attached as **Exhibit H** is a copy of the report Cach made on October 3, 2017 before the underlying Settlement.

**ANSWER:** DENIED.

## **RELEVANT FACTS TO THE CLASS**

37. Upon information and belief, Defendants force and or trouble consumers to retain lawyers and represent them for debts that were resolved in settlement. The basis for this belief is a review of complaints alleging that Defendants committed the same or similar acts with other consumers.

**ANSWER:** DENIED.

38. At all times relevant herein, Cach was already in bankruptcy and Defendants

willfully acted in the name of Cach without disclosing that Resurgent Capital and Resurgent Holding are the current creditors and collectors.

**ANSWER:** DENIED.

39. Defendants injured Plaintiff's right to receive truthful information regarding the subject collection of a debt. The required truthful information includes those required in 15 U.S.C.A. § 1692e(2) of the correct amount, legal status and character of a debt.

**ANSWER:** DENIED.

40. The consumer does not know what Account Stated means and thus Defendants trouble consumers into disputing an already resolved debt, which for reasons beyond of the consumer's control and consideration continues being in collection.

**ANSWER:** DENIED.

41. Defendants intentionally continue collecting on resolved debt to mislead the consumer in an attempt to extract further payment and in misleading [sic] the consumer into thinking that the only way to avoid a negative credit report is to make a payment for the full collection amount irrespective of the settlement amount previously negotiated by that consumer's attorney.

**ANSWER:** DENIED.

42. At all times relevant herein, during the pendency of Cach's bankruptcy Defendants willfully acted in the name of Cach to extract unjust payment knowing

13

that the consumer would have little to no success in receiving a refund for unjust payment made to Cach.

**ANSWER:** DENIED.

43. At all times relevant herein, Cach was already in bankruptcy and Resurgent Capital and Resurgent Holdings willfully acted in the name of Cach knowing that Cach is in bankruptcy and would have difficulties repudiating violations under the FDCPA.

**ANSWER:** DENIED.

44. The consumer does not know that the FDCPA provides a procedure governing a debt collector's efforts to collect a debt. The consumer does not know of the right to dispute a debt. The consumer does not know of the right that the character, legal status, and amount owed may not be misrepresented.

**ANSWER:** DENIED.

45. Plaintiff reserves the right and demands from Defendants discovery to review the protocol of the collection process in operation by Defendants.

**ANSWER:** DENIED.

46. Upon information and belief, as applied to Plaintiff, Defendants practices are applied uniformly without distinguishing between the sophisticated and the least sophisticated consumer.

**ANSWER:** DENIED.

*Basis and Intention for Class Certification*

47. Plaintiff brings this action individually, and on behalf of all other persons similarly situated by Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** DENIED.

48. The identities of all Class members are readily ascertainable from the records of Defendants through Discovery and/or eDiscovery.

**ANSWER:** DENIED.

49. Defendants have logs with a record of every consumer they sued and continued collecting after the suit was disposed.

**ANSWER:** DENIED.

50. Defendants have logs with a record of every consumer they reported during the bankruptcy of Cach without also reporting that the debt is managed by Resurgent Holdings and/or Resurgent Capital.

**ANSWER:** DENIED.

51. Plaintiff's class does not include individuals who are officers, members, partners, managers, directors, and employees of either Defendants.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51.

52. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of troubling consumers into the costs of defending resolved debt

as owed is a cause for liability under the FDCPA.

**ANSWER:** DENIED.

53. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of collecting resolved debt as owed is a basis for liability under the FDPCA.

**ANSWER:** DENIED.

54. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of communicating to third parties' information about resolved debt as owed is a cause for a liability under the FDCPA.

**ANSWER:** DENIED.

55. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of communicating to third parties' information about consumer credit without also reporting the correct collection entity is a cause for liability under the FDCPA and/or FCRA.

**ANSWER:** DENIED.

56. The question of law and fact common to the Plaintiff's Class is whether Defendants practice of communicating to third parties' information about consumer credit without also updating the consumer of a change of collection entities handling the debt is a cause for liability under the FDCPA

**ANSWER:** DENIED.

57. The question of law and fact common to the Plaintiff's Class is whether Defendants are liable for statutory penalties to each member of Plaintiff's Class as it is liable to Plaintiff.

**ANSWER:** DENIED.

58. The Plaintiff's claims are typical to the Class members, as outlined, based upon the same operative facts and legal theories.

**ANSWER:** DENIED.

59. The Plaintiff can protect the interests of the Plaintiff's Class fairly and adequately represent them before the Court.

**ANSWER:** DENIED.

60. The Plaintiff retained experienced counsel in good standing, who will vigorously pursue this action in the best interest of the Plaintiff's Class.

**ANSWER:** DENIED.

61. This Class action will preserve adjudications from inconsistent and varying rulings, including exercising the appeals process.

**ANSWER:** DENIED.

62. This Class action will preserve judicial resources because Plaintiff's Class is so numerous that joinders of all members, the prosecution of all claims individually would be impractical, or that Plaintiff not pursuing the valid claims common to each member of Plaintiff's Class would constitute a manifest of injustice.

**ANSWER:** DENIED.

63. This Class action will protect Class as a practical matter, including the consumer, who would have difficulties starting an action by themselves to assert his or her rights.

**ANSWER:** DENIED.

64. Certification of a Class under FRCP Rule 23(b)(2) will determine whether Defendants third party communication, riddled with violations under the FDCPA, is the same as with each member of Plaintiff's Class, where tantamount to declaratory relief and monetary relief under the FDCPA would be merely identical to that determination.

**ANSWER:** DENIED.

65. Class Certification under FRCP Rule 23(b)(3) will show that the questions of law and fact common to all member of the Plaintiff's Class predominate over any questions affecting an individual member, and a Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** DENIED.

66. Notice is hereby given, depending on the outcome of further investigation and discovery, at the time of Class certification motion Plaintiff may seek to certify one or more classes only as to particular issues relevant to this complaint pursuant to Fed. R. Civ. P. 23(c)(4).

**ANSWER:** DENIED.

## **FIRST CLAIM FOR RELIEF**

67. Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 65, for relief on behalf of themselves [sic] and all others similarly situated against Defendants under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692e *et seq*.

**ANSWER:** Defendant repeats, re-alleges and incorporates by reference its answers to Paragraphs 1 through 65 as if fully set forth herein. Defendant DENIES the remaining allegation in Paragraph 65.

68. **COUNT I:** In violation of 15 U.S.C.A. § 1692e(2)(A), by continuing to collect debt as past due when such debt has already been resolved Defendants falsely misrepresent the character, amount, and legal status of such debt.

**ANSWER:** DENIED.

69. As a direct result, Defendants caused Plaintiff damages by falsely misrepresenting the status of the debt and forcing the consumer to further retain counsel, violating the consumers [sic] right to receive truthful information, causing the consumer uncertainty and stress in not knowing whether the debt has been completely resolved, wherein, the Defendants have incurred statutory damages.

**ANSWER:** DENIED.

70. **COUNT II:** In violation of 15 U.S.C.A. §§ 1692e(10), (14), upon collecting debt in care of Cach, Defendants Resurgent Capital and Resurgent Holdings

misrepresented to the consumer the name and status of the debt, by sending a letter acknowledging the debt as resolved and at the same time persisting in falsely reporting the debt as owed.

**ANSWER:** DENIED.

71. As a direct result, Defendants caused Plaintiff damages by withholding truthful information that is material to the consumer, causing the consumer uncertainty and stress in not knowing the identity of the collector responsible for resolving the debt, wherein, the Defendants have incurred statutory damages.

**ANSWER:** DENIED.

72. In the alternative or in furtherance, if Defendants had a legitimate basis to persist on further collection activities against Plaintiff, Defendants failed to inform or otherwise update consumers with the elementary information required pursuant to §§ 1692g(a)(1), (2), (5) of the amount of the debt and the names of the current creditor and collector after communicating directly to the consumer and responding via the credit reporting agencies that the debt is still owed.

**ANSWER:** This Claim was dismissed pursuant to the Court's September 10, 2019 Opinion and Order and as such no response is required.

## **<u>SECOND CLAIM FOR RELIEF</u>**

73. Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 72, for relief on behalf of her against Defendants for breach of contract.

**ANSWER:** This Claim was dismissed pursuant to the Court's September 10, 2019 Opinion and Order and as such no response is required.

74. The parties duly preformed an agreement to settle the subject debt in exchange of payment for $1,000.00, which Plaintiff duly paid.

**ANSWER:** This Claim was dismissed pursuant to the Court's September 10, 2019 Opinion and Order and as such no response is required.

75. At all relevant times during the settlement and its performance, Defendants Resurgent Holdings was the de jure owner of Catch's [sic] debt portfolio.

**ANSWER:** This Claim was dismissed pursuant to the Court's September 10, 2019 Opinion and Order and as such no response is required.

76. At all relevant times during the settlement and its performance, Plaintiff's alleged debt although collected in the name of Cach was owned and collected on behalf of Resurgent Holdings.

**ANSWER:** This Claim was dismissed pursuant to the Court's September 10, 2019 Opinion and Order and as such no response is required.

77. At all relevant times during the settlement and its performance, Defendants Resurgent Capital was the de jure operator of Cach's debt portfolio and served Plaintiff's alleged debt on behalf of Resurgent Holdings.

**ANSWER:** This Claim was dismissed pursuant to the Court's September 10, 2019 Opinion and Order and as such no response is required.

78. Defendants intentionally breached the forgoing agreement by continuing collection activities two months after receiving from plaintiff the settlement payment in an ill effort to trick Plaintiff into thinking that the settlement represented to her by her attorney is not genuine and meaningless.

**ANSWER:** This Claim was dismissed pursuant to the Court's September 10, 2019 Opinion and Order and as such no response is required.

79. As a direct result, Defendants caused Plaintiff damages by incurring to the consumer costs with retaining counsel to address such breach and committed harassment to hurt Plaintiff in an ill effort to extract unjust payment from Plaintiff.

**ANSWER:** This Claim was dismissed pursuant to the Court's September 10, 2019 Opinion and Order and as such no response is required.

## THIRD CLAIM FOR RELIEF

80. Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 79, for relief on behalf of her against Defendants for reporting inaccurate information on Plaintiff's credit report.

**ANSWER:** Defendant repeats, re-alleges and incorporates by reference its answers to Paragraphs 1 through 79 as if fully set forth herein. Defendant DENIES the remaining allegation in Paragraph 80.

81. In violation of 15 U.S.C.A. § 1692e(8) Defendants communicated credit information to a third party which is known or which should be known to be false,

namely that a debt is owed and is in collection when in essence such debt has been months earlier mutually resolved.

**ANSWER:** DENIED.

82. In violation of 15 U.S.C.A. § 1681s-2(b), Defendants furnished information relating to Plaintiff to a consumer reporting agency knowing, or having had reasonable cause to believe, that the information is inaccurate when in essence such debt has been months earlier mutually resolved and no longer eligible for collection. Defendants persisted in their violation in confirming their report as accurate after Plaintiff disputed the debt with the Credit Reporting Agency.

**ANSWER:** DENIED.

## FOURTH CLAIM FOR RELIEF

83. Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 82 for relief on behalf of themselves [sic] for mispresenting the compensation received.

**ANSWER:** Defendant repeats, re-alleges and incorporates by reference its answers to Paragraphs 1 through 82 as if fully set forth herein. Defendant DENIES the remaining allegation in Paragraph 83.

84. In violation of 15 U.S.C.A. § 1692e(2)(B) Defendants mispresented the compensation received as a partial payment instead of a full satisfaction of the debt.

**ANSWER:** DENIED.

85. As a direct result, Defendants caused Plaintiff damages by forcing the consumer to further retain counsel, Defendants violated the consumer's right to receive truthful information, caused the consumer uncertainty and stress in not knowing whether the debt had been completely resolved, wherein, the Defendants have incurred statutory damages.

**ANSWER:** DENIED.

86. Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

**ANSWER:** DENIED.

## DEFENDANT'S JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1.     This dispute may be subject to binding arbitration and class action waiver per the terms of the agreement between Plaintiff and the original creditor.

2.     At all relevant times, Defendant acted in good faith. Any alleged violation of the FDCPA was neither willful not intentional and would have resulted from a bona fide error notwithstanding the maintenance of reasonable procedures designed to avoid such error.

## L. CIV. R. 11.2 DECLARATION

Pursuant to Local Civil Rule 11.2 and 28 U.S.C. § 1746, the undersigned member of the bar of this court hereby declares that the matter in controversy is not presently the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

FINEMAN KREKSTEIN & HARRIS, P.C.

By:  /s/ Monica M. Littman
MONICA M. LITTMAN, ESQUIRE
RICHARD J. PERR, ESQUIRE
Ten Penn Center
1801 Market Street, Ste. 1100
Philadelphia, PA 19103-1628
(v) 215-893-9300; (f) 215-893-8719
mlittman@finemanlawfirm.com
rperr@finemanlawfirm.com

Dated: September 24, 2019    *Attorneys for Defendant CACH, LLC*

## CERTIFICATE OF SERVICE

I, MONICA M. LITTMAN, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically, via the Court's CM/ECF system, on the following:

Lawrence Katz, Esq.
Law Offices of Lawrence Katz
445 Central Avenue, Suite 201
Cedarhurst, NY 11516
lawrencekatzone@gmail.com
*Attorney for the Plaintiff*

   /s/ Monica M. Littman
Monica M. Littman, Esquire

Dated: September 24, 2019