## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARA M. SANDERS on behalf of themselves and all other similarly situated consumers, | **Case:**   **19-996** |
| *Plaintiff,* | |
| - against - | |
| CACH, LLC, RESURGENT HOLDINGS LLC, and RESURGENT CAPITAL SERVICES L.P., | |
| *Defendant.* | |

## JOINT DISCOVERY PLAN

1.      Factual description of the case.   Include the causes of action and affirmative defenses asserted.

   **Plaintiff's Position:**

Defendants dun consumers to pay for debt already resolved, in violation of 15 U.S.C.A. § 1692e(2)(A), 15 U.S.C.A. §§ 1692e(10), (14), breach of contract, 15 U.S.C.A. § 1692e(8), 15 U.S.C.A. § 1692e(2)(B) and 15 U.S.C.A. § 1681s-2(b).

   **Defendant's Position:**

Resurgent Capital Services, L.P. and CACH, LLC (collectively "Defendants") deny that they violated the FDCPA or they are liable to the Plaintiff in any way.

2.      Have settlement discussions taken place?  **Yes**      No

If so, when?    (a)      What was plaintiff's last demand?

(1)    Monetary demand: **$25,000**

(2)    Non-monetary demand: **N/A**

      (b)      What was defendant's last offer?

(1)     Monetary offer:  **None** (2) Non-monetary offer:  N/A

    3.       The parties **have not** exchanged the information required by Fed. R. Civ.

P. 26(a)(l).   If not, state the reason therefor.

> The parties will exchange the required disclosures pursuant to Fed. R.
> Civ. P. 26(a)(1) by November 6, 2019.

    4.       Describe any discovery conducted other than the above disclosures.

> None

    5.       Generally, dispositive Motions cannot be filed until the completion of

discovery. Describe any Motions any party may seek to make prior to the completion of

discovery. Include any jurisdictional Motions and Motions to Amend.

> Plaintiff will file summary judgment.
>
> Plaintiff may file for Class Certification.
>
> Should discovery show that Resurgent Holdings should be named in
> this action, the Plaintiff will make a motion to further amend the
> complaint.
>
> Defendants may seek to file a motion to compel arbitration, which
> Plaintiff will oppose.

    6.       The parties proposed the following:

    a.   Discovery is needed on the following subjects:

> Plaintiff will seek discovery on the Defendants handling of its debt, the
> business practices of Defendants in archiving or collecting on resolved
> debt, and the business transition of Cach LLC to its predecessors.
>
> Defendant will seek discovery regarding Plaintiff's claims and alleged
> damages. Defendant also will seek the entry of a Confidentiality Order
> in the form prescribed by Appendix S of this Court's local rules.

    (a)     Should discovery be conducted in phases?   If so, explain. ***No***

    (b)     Number of Interrogatories by each party to each other party: ***25***

(c)     Number of Depositions to be taken by each party:

Plaintiff will seek to depose individuals with requisite knowledge of Defendants handling of Plaintiff's debt, the business practices of Defendants in archiving or collecting on resolved debt, and the business transition of Cach LLC to its predecessors. The number of individuals who comprise admissible knowledge are currently pending.

Unless Plaintiff identifies additional individuals in her Rule 26 disclosures, Defendant anticipates that they will only seek to depose Plaintiff.

(d)     Plaintiff's expert report due on**: N/A**

(e)     Defendant's expert report due on: **N/A**

(f)     Motions to Amend or Add Parties to be filed by ***June 31, 2020***

(g)     Dispositive motions to be served within **45** days of completion of discovery.

(h)     Factual discovery to be completed by: ***June 30, 2020***

(i)     Expert discovery to be completed by: **N/A**

(j)     Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

(k)     A pretrial conference may take place on:  to be determined pursuant to the court's further directive.

(l)     Trial by jury or non-jury Trial:  Jury Trial.

(m)     Trial date:  to be determined pursuant to the court's further directive.

(n)     Do you anticipate any discovery problem(s)    **No**.

7.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)?  **Yes**

Plaintiff will demand that Defendants witness be available to appear at the courthouse for duly planned discovery and trial.

Defendants' witnesses are located out of state and Defendant will seek to ensure that any depositions of out of state witnesses take place out of state or via videoconferencing.

8.      State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R.  201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure.   If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

As this is a class action case, Defendants do not believe arbitration or mediation is appropriate.

9.      Is this case appropriate for bifurcation? Yes   *No*

10.      Parties *do not* consent to the trial being conducted by a Magistrate Judge.

Dated:      Valley Stream, New York
            October 28, 2019

Respectfully submitted,

Law Offices of Lawrence Katz,                    FINEMAN KREKSTEIN & HARRIS, P.C.

/s/   Lawrence Katz                              /s/ Graeme E. Hogan

By:    Lawrence Katz, Esq.,                      Richard J. Perr, Esq.
                                                 Monica M. Littman, Esq.
                                                 Graeme E. Hogan, Esq.
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581                          Ten Penn Center
(516) 374-2118                                   1801 Market Street, Suite 1100
*Attorneys for Plaintiff*                        Philadelphia, PA  19103-1628 (v) 215-893-
                                                 9300; (f) 215-893-8719
                                                 rperr@finemanlawfirm.com
                                                 mlittman@finemanlawfirm.com
                                                 ghogan@finemanlawfirm.com
                                                 *Attorneys for Defendants*