

Kaufman Dolowich & Voluck, LLP
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Telephone: 215-501-7002
Facsimile:  215-405-2973

www.kdvlaw.com

*Monica M. Littman, Esquire*
*mlittman@kdvlaw.com*

April 15, 2020

The Honorable Joseph A. Dickson
Magistrate Judge, U.S.D.C., D.N.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Court Room 2D
Newark, NJ 07101

> **RE:** Lara M. Sanders, on behalf of herself and all other similarly situated consumers v. CACH, LLC and Resurgent Capital Services, L.P.
> U.S.D.C., D.N.J., Civil Action No: 2:19-cv-00996-SDW-JAD

Dear Judge Dickson,

This firm represents Defendants CACH, LLC and Resurgent Capital Services, L.P. ("Defendants") in the above-referenced matter. I am writing in accordance with L.R. 37.1(a)(1). Defendants have attempted to confer with Plaintiff regarding the discovery issues outlined below but have been unable to reach an accord. Defendants now seek leave to file a motion to compel. In addition, Defendants respectfully request that Your Honor enter a Discovery Confidentiality Order that is in the form prescribed by Appendix S of this Court's Local Rules. (*See* Exhibit 1).

## BACKGROUND

On March 20, 2020, Defendants sent Plaintiff a discovery deficiency letter regarding Plaintiff's outstanding Responses to Document Requests and deficient Responses to Interrogatories, requesting a response by April 3, 2020. (*See* March 20, 2020 Letter, Exhibit 2). Specifically, the March 20, 2020 letter pointed out that despite Mr. Huebner advising this Court on January 21, 2020 that Plaintiff's Responses to Document Requests had been placed in the mail on January 20, 2020 and despite Defendants' multiple follow-up attempts to obtain a copy, Defendants had yet to receive same. (*See id.* at 1). The March 20, 2020 letter also advised that Plaintiff's Responses to Interrogatory Nos. 2, 3, 7, 9, 10, 11 and 20 were deficient. (*See id.* at 2-3). On April 3, 3020, Mr. Huebner served Plaintiff's Responses to Defendants' Requests for Documents, produced Plaintiff's document production, and requested an additional week to address the interrogatory deficiencies set forth in Defendants' March 20, 2020 letter. On April 6, 2020, Defendants served a second deficiency letter on Plaintiff, this time outlining deficiencies in Plaintiff's Responses to Document Requests, and requesting a response by April 13, 2020. (*See* April 6, 2020 Letter, Exhibit 3). To date, Plaintiff has not addressed the interrogatory deficiencies or responded to the April 6, 2020 deficiency letter.

## INTERROGATORY DEFICIENCIES

**Interrogatory No. 2 states**: State who incurred the debt(s) at issue and identify the purpose for which said debt(s) were incurred, if any.

**Interrogatory No. 3 states**: State any facts which support the assertion that the debt(s) at issue were incurred for personal, family or household purposes.

Plaintiff responded to the aforementioned interrogatories by arguing that a debt never existed because the balance was timely paid. Yet, Plaintiff is suing under the Fair Debt Collection Practices Act, which requires Plaintiff to prove, among other things, that Defendants attempted to collect a debt from Plaintiff which was incurred primarily for personal, family or household purposes. *See St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 356 (3d Cir. 2018)*; see also* First Amended Complaint ¶12 ("The subject debt arises from a consumer debt involving credit [sic] card that was used for personal expenses."). Because the purpose for which the debt was incurred is relevant to Plaintiff's claims, Plaintiff should provide the requested information regardless of Plaintiff's position as to the validity of the debt.

**Interrogatory No. 7 states**: Identify and describe with particularity all ways in which You claim to have been damaged by the conduct alleged in Your Amended Complaint, including but not limited to: (a) the nature of the damages; (b) the dates upon which You were damaged; (c) The amounts for which You were damaged; and (d) How the damages were calculated.

In response, Plaintiff described the nature of the damages sought – emotional damages, credit damage, travel costs, loss of work, telephone costs, attorneys' fees, litigation costs, etc. – but failed to identify the dates upon which she was damaged, the amount she was damaged, and how said damages were calculated. Plaintiff's failure to itemize the damages she is claiming in this action is improper. *See e.g.*, *Pena v. Drodriguez, LLC*, 2016 U.S. Dist. LEXIS 183274, *5-6 (S.D. Fla. Aug. 17, 2016) (granting motion to compel where plaintiff's response to request seeking itemization of damages provided "no calculation of amount, no itemization of damages, and no breakdown on how at least the economic damages are calculated" but rather "generically answer[ed] . . . with the claim that Plaintiff seeks 'back pay and benefits, compensatory, and punitive damages in an amount to be decided by the jury'"). If Plaintiff fails to provide any information regarding the alleged damages she is claiming, she should be barred from pursuing any damages in this action. *See EEOC v. Service Temps, Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming order barring plaintiff from claiming a specific amount of damages when the plaintiff failed to disclose damage calculations).

**Interrogatory No. 9 states**: Identify with specificity the terms of the alleged settlement agreement referenced in Paragraph 28 of Your Amended Complaint.

While Plaintiff stated in response that the "alleged debt" was settled in consideration of payment in the sum of $1,000.00, she failed to identify additional terms such as any payment deadline or the person/party to whom payment was supposed to be made. As such, her answer is seemingly incomplete.

**Interrogatory No. 10 states**: Indicate whether You ever sought medical or professional treatment as a result of the events described in Your Amended Complaint and describe the dates, substance of such treatment, and the name and address of the medical provider through whom you sought treatment.

In response, Plaintiff contends that she suffered damages by having to retain attorneys and having to take time off work to meet with the attorney and paying to retrieve her credit report. This answer is clearly non-responsive to the question posed and is therefore deficient.

**Interrogatory No. 11 states**: Identify any person (besides Your retained attorney) that You have spoken with concerning the subject of this lawsuit and state the substance of said Communication.

Plaintiff objected to No. 11 on the basis that the interrogatory is vague and ambiguous. The objection is improper as the request is clear as to what it is seeking – identification of persons with whom Plaintiff has communicated regarding matters identified in the lawsuit. This information is also discoverable as a response may identify additional persons with knowledge. Accordingly, the objection should be withdrawn and a response provided.

**Interrogatory No. 20 states**: Describe with particularity the terms of the agreement between You and proposed class counsel.

Plaintiff objected to No. 20 on the grounds that the question is vague and seeks attorney client privileged information. The request is clearly not vague and therefore said boilerplate objection is improper. Furthermore, contrary to Plaintiff's assertion that the terms are privileged, it is well established that the attorney-client privilege does not apply to such agreements. *See In re Semel*, 411 F.2d 195, 197 (3d Cir. 1969) ("In the absence of unusual circumstances, the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee do not come within the privilege of the attorney-client relationship."). Moreover, the fee agreement is relevant to Plaintiff's ability to serve as a class representative. *See In re Vonage Initial Pub. Offering Sec. Litig.*, 2007 U.S. Dist. LEXIS 66258, *19-20 (D.N.J. Sept. 6, 2007) (finding that whether the proposed class representative has negotiated a reasonable agreement with proposed class counsel is relevant to the Rule 23 adequacy requirement); *Ferraro v. Gen. Motors Corp.*, 105 F.R.D. 429, 432-33 (D.N.J. 1984) (ordering plaintiff to produce a copy of fee agreement, noting that "[w]hether the plaintiff bears the financial burden, shares it with others, agrees to reimburse others, or agrees to be reimbursed by others are circumstances which should be revealed and considered in connection with the adequacy of the class representative").

DOCUMENT PRODUCTION DEFICIENCIES

Plaintiff's document production fails to satisfy Plaintiff's Rule 34 obligations because it does not allow Defendants to determine which documents are responsive to which requests. *Graco, Inc. v. PMC Global, Inc.*, 2011 U.S. Dist. LEXIS 20980, *91 (D.N.J. Mar. 24, 2011) (production complies with Rule 34(b)(2)(E)(i) if it allows the requesting party to reasonably determine what documents are responsive to its requests). Most of the production requests were responded to with "[a]ll corresponding documents are reproduced herein with the bates system," yet it is entirely unclear from the production which documents are claimed to be responsive to each request, if any. (*See* April 6, 2020, Letter, Exhibit 3). In fact, none of the documents produced appear on their face

to be responsive to Request Nos. 5, 6, 13, 14, 15, 16, 18, 19 or 21 despite Plaintiff's response that same were included in the production. (*See id.*)

Next, with respect to Request No. 10, which seeks Plaintiff's agreement with proposed class counsel, as explained *supra*, same is relevant to Plaintiff's ability to serve as a class representative. Thus, Plaintiff's objection in response that the request is "a distortion of the merits" is unfounded and the agreement should be produced.

Lastly, with respect to Request No. 11, which seeks complete, unredacted copies of Plaintiff's credit reports since 2017, only a redacted portion of a February 2018 report was ever produced. Complete, unredacted copies of Plaintiff's credit reports should be produced as they are relevant to the factual allegations in the Complaint, including, but not limited to, Plaintiff's claim of damages. In fact, Plaintiff even identified her credit reports as relevant to the claims in this case via her Rule 26(a)(1) disclosures. As Plaintiff herself has deemed the information relevant to her claims, there is no need for an in camera review as suggested by Plaintiff in her response to the request.[1]

Finally, Defendant Resurgent Capital Services, L.P. ("Resurgent") has stated in its discovery responses that it will produce relevant portions of its confidential policies and procedures to Plaintiff upon the entry of a Confidentiality Order. These policies and procedures confidential and proprietary. Plaintiff also could produce complete and unredacted copies of her credit report pursuant to the Confidentiality Order. Defendants previously contacted Plaintiff regarding the entry of a Confidentiality Order, however, Plaintiff did not respond. Accordingly, Defendants request that a Confidentiality Order that is in the form prescribed by Appendix S of this Court's Local Rules be entered so that Resurgent can supplement its previous document production to Plaintiff.

## CONCLUSION

For the reasons outlined above, Plaintiff has failed to comply with her discovery obligations and despite Defendants' best efforts to have the deficiencies cured, Defendant has been unable to reach an accord with Plaintiff. Defendants therefore request leave to file a motion to compel.

Respectfully,

/s/ Monica M. Littman
MONICA M. LITTMAN

cc:   All Counsel of Record (via ECF)

4811-8056-7984, v. 1

---

[1] To the extent Plaintiff deems her credit reports confidential, Defendants have already conveyed that they are amenable to entry of a reasonable confidentiality order to protect the reports.