# EXHIBIT

# A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LARA M. SANDERS, on behalf of herself | : | CIVIL ACTION |
| and all other similarly situated consumers | : | NO. 2:19-cv-00996-JLL-JAD |
| Plaintiff | : | |
| v. | : | |
| CACH, LLC, and RESURGENT | : | |
| CAPITAL SERVICES, L.P. | : | |
| Defendants | : | |

## DECLARATION OF KIMBERLY HANNIGAN

I, Kimberly Hannigan, pursuant to 28 U.S.C. § 1746, hereby declare and state that the following is true and correct to the best of my personal knowledge, information and belief:

1.      I have personal knowledge of the matters set forth in this Declaration, and if called upon to testify at a trial or hearing I would competently testify to the following.

2.      I am a litigation paralegal at Resurgent Capital Services, L.P. ("RCS"), which is the master-servicer for accounts owned by CACH, LLC ("CACH"). I am also a duly authorized representative and custodian of records for CACH. In such capacities, I am authorized to speak on the companies' behalves on the matters contained in this Declaration.

3.      In my roles as litigation paralegal at RCS and CACH custodian of records, I am knowledgeable about the account media for CACH-owned accounts, RCS' handling of CACH-owned accounts, as well as the policies and procedures

Page **1** of **10**

RCS has put in place for purposes of servicing CACH-owned accounts. Each of the records identified below have been maintained in the regular course and scope of the business of CACH and/or RCS and were created at or near the time of the acts, conditions or events which they intend to convey by a person with knowledge and a business duty to report.

4.      CACH's principal business consists of purchasing portfolios of charged-off debt. CACH has no employees and as such relies on its master servicer, RCS, to service purchased accounts.

5.      RCS became the master servicer of CACH-owned accounts in June of 2017.

6.      RCS does not typically take any collection action itself, but rather engages various third-party independent service providers, including attorneys, to collect the accounts managed by it. RCS' principal business purpose is asset management.

7.      RCS maintains all books and records pertaining to the accounts owned by CACH and acts as CACH's attorney in fact with respect to the accounts owned by CACH pursuant to a Limited Power of Attorney filed with Greenville County, South Carolina. A true and accurate copy of the Limited Power of Attorney is attached hereto as **Exhibit 1**.

PLAINTIFF'S ACCOUNT

8.     I have custody and access to the records of CACH relating to a Citibank, N.A. credit card account bearing account number ending in 2349 in the name of Lara M. Sanders (the "Account"). I have reviewed the books and records of CACH pertaining to the Account and am familiar with the Account.

9.     On June 27, 2014, CACH succeeded to all right, title, and interest in the Account via assignment. A true and accurate copy of the Bill of Sale whereby CACH acquired all rights in the Account from Citibank, N.A. is attached hereto as **Exhibit 2**.

10.     The Bill of Sale was accompanied by a Sale File, which Sale File contained account level information for all of the accounts CACH purchased on June 27, 2014 from Citibank, N.A., including the Account. A true and accurate copy of the Sale File, redacted to protect the privacy of consumers unrelated to this litigation, is included with **Exhibit 2**.

11.     The Bill of Sale and Sale File attached hereto as **Exhibit 2** have been kept in the course of the regularly conducted business activity of CACH in purchasing accounts and were prepared as a regular practice and custom of that activity at or near the time of the acts and events reported therein by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters.

12. The Sale File indicates that Plaintiff opened the Account with Citibank, N.A. on December 1, 1998 and that the Account was charged off on June 27, 2012 with a balance of $15,372.51.

13. On information and belief, on or about April 5, 2017, CACH placed the Account for collection with Federated Law Group, PLLC ("FLG"), an independent third-party collection law firm.

14. On information and belief, on or about July 10, 2017, FLG filed a lawsuit on behalf of CACH to collect the $15,372.51 balance owed on the Account, styled *CACH, LLC v. Lara M. Sanders* in the Superior Court of New Jersey, Essex County with Docket No. ESX L 4958-17 (the "State Court Litigation").

15. In December 2017, FLG, like all RCS service providers, had a trust account specifically dedicated to RCS collections. Payments received by FLG for RCS-serviced accounts, such as the Account, were to be deposited by FLG into the trust account and later remitted to RCS.

16. On information and belief, on or about December 6, 2017, FLG received and deposited a $1,000.00 payment on the Account. The proceeds from the payment were subsequently remitted to RCS; however, FLG did not communicate to RCS at that time, or at any time prior to January 30, 2018, that the $1,000.00 payment was negotiated and received in settlement of the Account.

17.    On January 30, 2018, RCS sent a secure message to FLG requesting an update as to the status of the State Court Litigation. RCS received a response that same day from FLG alerting RCS for the first time that the December 6, 2017 payment of $1,000.00 was tendered in full settlement of the Account. True and accurate copies of the January 30, 2018 Communications exchanged between FLG and RCS are attached hereto as **Exhibit 3**. Prior to January 30, 2018, neither RCS nor CACH was aware that the Account had been settled in exchange for the $1,000.00 payment.

18.    That same day, RCS mailed Lara M. Sanders a letter verifying that the Account had been settled in full on December 6, 2017. A true and accurate copy of the January 30, 2018 Letter is attached hereto as **Exhibit 4**.

RCS' POLICIES & PROCEDURES

19.    At all relevant times, when a collection account is known to RCS to have been settled for less than the full balance and the account is being credit reported, it has been RCS' policy to accurately report the status of the account as paid in full for less than the full balance.  True and accurate copies of RCS' written policies on the matter are attached hereto as **Group Exhibit 5**.

20.    RCS employees are expected to be familiar with and follow all RCS policies, including those policies included in **Group Exhibit 5**. RCS employees

also receive regular seminar training on RCS' policies as well as federal and state credit reporting statutes, such as the Fair Credit Reporting Act.

21.    RCS further expects and requires all third-party service providers collecting upon RCS-managed accounts, including collection law firms, to comply with RCS' Agency Operations Manual. Relevant portions of the Agency Operations Manual pertaining to account status updates are attached hereto as **Exhibit 6.**

22.    Copies of the Agency Operations Manual are supplied to each third-party service provider as part of RCS' onboarding process. RCS is available to answer questions the third-party service provider may have regarding the policies and procedures contained therein.

23.    FLG was tendered a copy of the Agency Operations Manual consistent with Paragraph 21 above in or around June 2017.

24.    RCS regularly monitors its third-party service providers to confirm adherence to the Agency Operations Manual. Service providers that fail to adhere to the Agency Operations Manual are subject to discipline and termination.

25.    Per the policies set forth in the Agency Operations Manual, third-party service providers, such as FLG, are required to: (a) provide regular updates to RCS regarding the status of accounts using the Standard Update File (SUF), including "immediately" communicating any settlements, but certainly no later

than the day after the settlement payment posts; and (b) institute an internal audit procedure to review posted payments for settlement arrangements to guarantee all settlement statuses are sent to RCS in a timely manner. *See* **Exhibit 6** at pp. 85-86, 146, 156.

26.     RCS regularly audits its third-party service providers, including collection law firms, to ensure that they are properly updating the status of accounts. *See* **Exhibit 6** at pp. 241-42.

27.     RCS also assesses fines on accounts which are not statused appropriately by third-party service providers. *See* **Exhibit 6** at p. 157.

28.     Consistent with the policies and procedures required to be followed by FLG, as set forth in the Agency Operations Manual, FLG should have communicated to RCS no later than December 7, 2018 that the $1,000.00 payment was in full settlement of the Account. FLG's failure to do so was in direct violation of the Agency Operations Manual and subjected FLG to discipline, including the assessment of a fine.

29.     Apart from this lawsuit, RCS is not aware of a single other instance in which FLG failed to timely and appropriately communicate to RCS the status of an account as required by the Agency Operations Manual.

## CREDIT REPORTING OF THE ACCOUNT

30.     In July 2017, RCS began credit reporting the Account on behalf of CACH to the three (3) major reporting agencies.

31.     It is RCS' policy and practice to record the dates and status it transmits each month to credit reporting agencies on a given collection account.

32.     Attached hereto as **Exhibit 7** is a true and accurate copy of the credit reporting history for the Account. **Exhibit 7** has been kept in the course of the regularly conducted business activity of RCS in credit reporting accounts and was prepared as a regular practice and custom of that activity at or near the time of the acts and events reported therein by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters.

33.     RCS only ever credit reported the Account on the dates and in the manner identified in **Exhibit 7**.

34.     **Exhibit 7** reflects that RCS only credit reported the Account as owed once after the $1,000.00 in settlement proceeds referenced in Paragraph 16 above were received by RCS. Specifically, RCS reported on January 11, 2018, that the Account was owed.

35.     Had FLG timely communicated the settled status of the Account to RCS, as it was required to do, RCS would never have credit reported the Account as owed on January 11, 2018.

36.     **Exhibit 7** further reflects that on January 31, 2018, i.e. the day after RCS learned from FLG that the Account had been settled, RCS updated its reporting to reflect that the Account had been "Paid in Full for Less than the Full Balance."

37.     The January 31, 2018 update was in accordance with RCS' credit reporting policies as set forth in **Exhibit 5**.

<u>PLAINTIFF'S DISPUTE</u>

38.     On or about January 13, 2018, RCS received an Automated Credit Dispute Verification ("ACDV") from TransUnion notifying RCS that Plaintiff disputed the Account.

39.     On January 29, 2018, RCS processed the ACDV by reviewing the dispute against RCS' internal records for the Account to confirm the information it was reporting matched its records. RCS also reported the results of its investigation to TransUnion by updating the date of last payment and balance on the Account to December 6, 2017 and $14,372.51, respectively -- which data matched RCS' records at the time.

40.     Had RCS known on January 29, 2018 that the Account was settled, RCS would have, in responding to the ACDV request, updated the Account to reflect the Account was paid in full rather than report a balance owed.

41.     After learning on January 30, 2018 that its ACDV response was inaccurate, as explained in Paragraph 36 above, RCS updated its credit reporting to reflect the Account was paid in full for less than the full balance. *See* **Exhibit 7**.

42.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of September, 2021.


                                        *Kim Hannigan*
                                        Kimberly Hannigan

# EXHIBIT
# 1

**Limited Power of Attorney**

WHEREAS CACH, LLC ("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Limited Power of Attorney in favor of Servicer.

Now, therefore, Grantor does hereby constitute and appoint Servicer and its officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and the stead as fully and with the same effect as if Grantor were present and acting on its own behalf for the following limited purposes:

1. Executing, acknowledging and delivering and Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;
2. Conducting foreclosure or repossession actions;
3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;
4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;
5. Signing claims and notices of transfers of claims regarding any account;
6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and
7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

[Signatures included on following page.]

CACH-Resurgent LPOA (June 2017)

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this 29 day of June, 2017.

CACH, LLC
By: _____
Name: Jon Mazzoli
Title: Authorized Representative

Witnessed by: _____
Name: Craig Bennett III

Resurgent Capital Services LP
By: _____
Name: Dan Picciano
Title: Authorized Representative

Witness by: _____
Name: Meghan Emmerich

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

On this, the 29 day of June, 2017, th foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by Jon Mazzoli, personally known to me, by me duly sworn, did say that he was a duly authorized signatory for the entities referenced above.

_____
Jaclyn Kohlhepp
Notary Public
My Commission Expires June 23, 2025

> JACLYN KOHLHEPP
> NOTARY PUBLIC
> STATE OF SOUTH CAROLINA
> MY COMMISSION EXPIRES
> JUNE 23, 2025

STATE OF SOUTH CAROLINA
COUNTY OF GREENVILLE

On this, the 28th day of June, 2017, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by Dan Picciano, personally known to me, by me duly sworn, did say that he was a duly authorized signatory for the entities referenced above.

_____
Tonya Henderson
Notary Public
My Commission Expires 7-30-2025

> TONYA HENDERSON
> Commission Expires
> NOTARY
> PUBLIC
> 07-30-2025
> STATE OF SOUTH CAROLINA

# EXHIBIT

# 2

Contract ID: ST1MU1NB062414
Document ID: 061914ST1MU1NBB1

## BILL OF SALE AND ASSIGNMENT

THIS BILL OF SALE AND ASSIGNMENT, dated June 27, 2014, is by Citibank, N.A., a national banking association organized under the laws of the United States, located at 701 East 60th Street North, Sioux Falls, SD  57117 (the "Bank") to CACH, LLC, organized under the laws of the state of Colorado, with its headquarters/principal place of business at 4340 S. Monaco 2nd Floor, Denver, CO 80237 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated June 24, 2014, between Buyer and the Bank (the "Agreement"), the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1 and the final electronic file.


**Citibank, N.A.**

By: _____
        (Signature)

Name: _____Patricia Hall_____


Title:  __Financial Account Manager__

| ACCOUNT NUMBER | ACCOUNT NUMBER CROSS-REFERENCE NUMBER | ACCOUNT OPEN DATE | ANNUAL PERCENTAGE RATE | ATTORNEY ADDRESS | ATTORNEY CITY | ATTORNEY LAW FIRM | ATTORNEY NAME | ATTORNEY PHONE |
|---|---|---|---|---|---|---|---|---|
| ██████████2349 | █████████3156 | 1998-12-01 | 0 | | | | | |

| ATTORNEY STATE | ATTORNEY ZIP CODE | AUTHORIZED USER NAME FIRST | AUTHORIZED USER NAME LAST | AUTHORIZED USER NAME MIDDLE | AUTHORIZED USER SOCIAL SECURITY NUMBER / TAX ID | BANKRUPTCY 341 DATE |
|---|---|---|---|---|---|---|
| | 00000-0000 | | | | XXX-XX-X000 | |

**RCS_007**

BANKRUPTCY 341 LOCATION    BANKRUPTCY 341 TIME    BANKRUPTCY ASSET INDICATOR    BANKRUPTCY CASE NUMBER    BANKRUPTCY CHAPTER    BANKRUPTCY DEADLINE FILE DATE / BAR DATE    BANKRUPTCY DISCHARGE DATE

| BANKRUPTCY FILE AMOUNT | BANKRUPTCY FILE DATE | BANKRUPTCY INDICATOR | BANKRUPTCY PROOF OF CLAIM DATE | BANKRUPTCY TRUSTEE | BANKRUPTCY TRUSTEE ADDRESS | BANKRUPTCY TRUSTEE CITY |
|---|---|---|---|---|---|---|
| 0 | | | | | | |

| BANKRUPTCY TRUSTEE PHONE | BANKRUPTCY TRUSTEE STATE | BANKRUPTCY TRUSTEE ZIP | BRANCH LAST NETWORK | BRANCH NAME | BRANCH PHONE NUMBER | CACS CONVERTED ACCOUNT INFORMATION | CACS FUNCTION |
|---|---|---|---|---|---|---|---|
| | | 00000-0000 | | | | | |

| CACS LOCATION | CACS LOCATION NAME | CACS SECURITY CODE | CACS STATE | CHARGE CARD INDICATOR | CHARGE OFF AMOUNT | CHARGE OFF DATE | CO-BORROWER FIRST NAME | CO-BORROWER LAST NAME |
|---|---|---|---|---|---|---|---|---|
| | | | | | 15372.51 | 2012-06-27 | | |

| CO-BORROWER MIDDLE NAME | CO-BORROWER SOCIAL SECURITY NUMBER | CREDIT BUREAU FLAG | CREDIT LIMIT | CURRENT BALANCE | DATE OF LAST NAME CHANGE | DEBTOR ALTERNATE CONTACT FIRST NAME |
|---|---|---|---|---|---|---|
| | XXX-XX-X000 | | 0 | 15743.01 | | |

DEBTOR ALTERNATE CONTACT LAST NAME   DEBTOR ALTERNATE CONTACT MIDDLE NAME   DEBTOR ALTERNATE CONTACT PHONE   DEBTOR BIRTH DATE   DEBTOR BUSINESS ADDRESS 1   DEBTOR BUSINESS ADDRESS 2

| DEBTOR BUSINESS CITY | DEBTOR BUSINESS PHONE NUMBER | DEBTOR BUSINESS STATE | DEBTOR BUSINESS ZIP CODE | DEBTOR NAME FIRST | DEBTOR NAME LAST | DEBTOR NAME MIDDLE | DEBTOR RESIDENCE ADDRESS 1 |
|---|---|---|---|---|---|---|---|
| | ████████ | | | LARA | SANDERS | M | 8 MAYFAIR DR |

| DEBTOR RESIDENCE ADDRESS 2 | DEBTOR RESIDENCE CITY | DEBTOR RESIDENCE COUNTRY | DEBTOR RESIDENCE COUNTY | DEBTOR RESIDENCE PHONE | DEBTOR SOCIAL SECURITY NUMBER | DEBTOR STATE | DEBTOR ZIP CODE |
|---|---|---|---|---|---|---|---|
| | WEST ORANGE | | | ▬▬▬▬ | ▬▬▬X255 | NJ | 07052-0000 |

| FDR OWNERSHIP CODE / TRUST ID | FDR REFERENCE NUMBER | HIGH BALANCE | HOST STATUS | IBS ACCOUNT CROSS-REFERENCE CODE | IBS ACCOUNT TYPE | IBS CRIS RELATIONSHIP COUNT | IBS CRIS RELATIONSHIP KEY |
|---|---|---|---|---|---|---|---|
| | | 0 | 34 | 0313 | | 2 | ██████ 00001 |

| IBS HOST AGENCY CODE | IBS OWNERSHIP CODE | JOINT INDICATOR | JUDGMENT DATE | JUDGMENT INDICATOR | LAST CASH ADVANCE AMOUNT | LAST CASH ADVANCE DATE | LAST CONTACT DATE | LAST PAYMENT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| CD06 | 051 | 0 | | | | | | 320 |

| LAST PAYMENT DATE | LAST PURCHASE AMOUNT | LAST PURCHASE DATE | LOT NAME / SEGMENT NAME | LOT NUMBER / SEGMENT | MERCHANT INFORMATION | MERCHANT INFORMATION SPECIFIC | MERCHANT NUMBER |
|---|---|---|---|---|---|---|---|
| 2011-11-17 | 0 | 2011-12-19 | BANK | 38 | | | |

| ORIGINAL BALANCE | ORIGINAL DELINQUENCY DATE | POST CHARGE OFF FEES | POST CHARGE OFF INTEREST | PRE CHARGE OFF INTEREST | PRE CHARGE OFF FEES | PRODUCT IDENTIFICATION NAME | PRODUCT IDENTIFICATION NUMBER |
|---|---|---|---|---|---|---|---|
| 15743.01 | | 0 | 370.5 | 0 | 0 | SIMPLICITY | 202 |

| PROOF OF CLAIM AMOUNT / TOTAL PRINCIPAL | REFERRAL DATE | RMS BUYERS CODE | RMS CHARGE OFF REASON CODE | RMS LAST STATUS UPDATED | RMS LENDING LEVEL 1 | RMS LENDING LEVEL 2 | RMS LOAN TYPE | RMS OFFICE CODE |
|---|---|---|---|---|---|---|---|---|
| 0 | | CAPE | | | BANK | BANK | | |

| RMS OFFICER NAME | RMS OFFICER CODE | RMS OFFICER CODE DESCRIPTION | RMS RECOVERER CODE | RMS REFERRAL AMOUNT | RMS STATUS CODE | SALE AMOUNT | SALE ID | STATUTE OF LIMITATION |
|---|---|---|---|---|---|---|---|---|
| | | | | 0 | | 15372.51 | 061914ST1MU1NB | |

SUM OF ALL PAYMENTS RECEIVED     SUM OF ALL POST CHARGE OFF PAYMENTS

# EXHIBIT

# 3

## Reynolds, Heidi

| | |
|---|---|
| **From:** | Ana Coneschi <ana@federatedlaw.com> |
| **Sent:** | Tuesday, January 30, 2018 10:51 AM |
| **To:** | SharepointAdmin |
| **Cc:** | Finnie, Christopher |
| **Subject:** | Resurgent Capital Services - Legal Servicer Communication |

Good day,

The account didn't not reach the judgement status as the defendant agreed to settle. The account was settled for $1000 on 12/06/2018 and a dismissal was prepped.

Notes For Account (ID\Debtor Name): 654046416\ Lara M Sanders :

Please advise the status of the judgment.

This email is being sent on behalf of your Resurgent Capital Services account liaison. Please send your response by replying to this email within 72 hours.

Best Regards,

Ana Coneschi
FEDERATED LAW GROUP, PLLC
887 Donald Ross Rd.
Juno Beach, Florida 33408
Phone: 561.354.9600

**This is a communication from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

# EXHIBIT

# 4

PO Box 510090
Livonia MI 48151-6090





P7WG4L00200202

LARA M SANDERS
8 MAYFAIR DR
WEST ORANGE, NJ 07052-2211

| | |
|---|---|
| Account Number: | ************2349 |
| Original Creditor: | Citibank, N.A. |
| Current Owner: | CACH, LLC |
| Reference ID: | 654046416 |
| Accountholder Name: Lara M Sanders | |

January 30, 2018

Dear Lara M Sanders,

Thank you for this payment on the above referenced account.  This letter will verify that this account was settled in full on 12/06/2017.

In the event that this payment is returned as insufficient funds, this settlement and letter will become void.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-888-665-0374.

Sincerely,


Customer Service Department
Resurgent Capital Services L.P.

**Please read the following important notices as they may affect your rights.**

This is a communication from a debt collector.




*Hours of Operation*
8:30AM-6PM EST
Monday - Thursday
8:30AM-5PM EST Friday



*Address*
Suite 110 MS 576
55 Beattie Place
Greenville, SC 29601



*Contact Numbers*
Toll Free Phone
1-888-665-0374
Toll Free Fax
1-866-467-0163



*Customer Portal*
Portal.Resurgent.com

8320999-SIFPD-CS

# EXHIBIT

# 5

## (filed under seal)

# EXHIBIT

# 6

## (filed under seal)

# EXHIBIT

# 7

| Reporting Info | Reported to credit bureaus through Account Master |
|---|---|
| | The account is off bureau, even if it's reported the Credit Bureaus will not place this line on the report. |
| Last Date Reported to the Bureaus | 2018-12-05 |
| Last Status Reported to the Bureaus | Delete entire account |
| Off Bureau Date | 9/30/2018 12:00:00 AM |
| Reporting Stopped By User ID | |
| Stop Date | |
| Stop Reason | |

Stop Credit Bureau Reporting

| CBR History | | | | |
|---|---|---|---|---|
| Reported Date | CBR Status | Dispute/Compliance Code | Special Comment Compliance Code | Reporter Org |
| 2018-12-05 | Delete entire account | | | CACH, LLC |
| 2018-11-06 | Delete entire account | | | CACH, LLC |
| 2018-10-03 | Delete entire account | | | CACH, LLC |
| 2018-04-03 | Account paid in full was a collection account | Account Information Disputed By Consumer | Account Paid in Full for Less than the Full Balance | CACH, LLC |
| 2018-03-07 | Account paid in full was a collection account | Account Information Disputed By Consumer | Account Paid in Full for Less than the Full Balance | CACH, LLC |
| 2018-01-31 | Account paid in full was a collection account | Account Information Disputed By Consumer | Account Paid in Full for Less than the Full Balance | CACH, LLC |
| 2018-01-11 | Assigned to collections | | | CACH, LLC |
| 2017-12-05 | Assigned to collections | | | CACH, LLC |
| 2017-11-01 | Assigned to collections | | | CACH, LLC |
| 2017-10-04 | Assigned to collections | | | CACH, LLC |
| 2017-09-06 | Assigned to collections | | | CACH, LLC |
| 2017-07-27 | Assigned to collections | | | CACH, LLC |