# EXHIBIT

# D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARA M. SANDERS on behalf of themselves and all other similarly situated consumers,<br><br>*Plaintiff,*<br><br>- against -<br><br>CACH, LLC, RESURGENT HOLDINGS LLC, and RESURGENT CAPITAL SERVICES L.P.,<br><br>*Defendant.* | Case:   19-996 (SDW-JAD) |

**PLAINTIFF'S SUPPLEMENTAL REPONSES TO INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff provides the foregoing responses to the interrogatories posed by Defendants CACH, LLC and Resurgent Capital Services L.P. ("Defendants"):

**GENERAL RESPONSES AND OBJECTIONS**

Each of the Responding Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following general responses and objections. The assertion of the same, similar, or additional objections, or a partial response to any individual request does not waive any of the plaintiffs' general responses and objections.

1.   The following responses reflect the current state of the plaintiff's knowledge, understanding and belief respecting matters about which inquiry has been made. The plaintiffs expressly reserve their right to supplement or modify these responses with such pertinent information as they may hereafter discover or as may be informed by the opinions of experts retained by the parties to testify in the trial of this matter, and will do so to the extent required by the Federal Rules of Civil Procedure. The plaintiff expressly reserves the

Page 1

right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

2. The plaintiff objects to any interrogatory that seeks information constituting or containing information concerning communications between the plaintiffs and their counsel, which are protected by the attorney-client privilege.

3. The plaintiff objects to any interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or other available privilege or protection.

4. The inadvertent provision of information or the production by the plaintiff of documents pursuant to Fed. R. Civ. P. 33(d) containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents. In the event that inadvertent production occurs, the Defendants shall return all inadvertently produced documents to the plaintiff upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

5. The plaintiff objects to any interrogatory to the extent that it purports to impose upon them any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 33.

6. The plaintiff objects to these interrogatories to the extent that they are over-broad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the information sought.

7. The plaintiff objects to any interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8. The plaintiff objects to any interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is matter public record, already in the Defendants' possession, or otherwise readily available to the Defendants, and, therefore, may be accessed and obtained by the Defendants with less burden than the plaintiffs can identify and provide requested information.

9. None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Defendants' First Set of Interrogatories. The plaintiff's written responses are made without waiving, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality or any other proper grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any of the responses provided herein.

10. The plaintiff objects to any interrogatory to the extent it is a contention interrogatory.  Pursuant to Fed. R. Civ. P. 33(c), the plaintiff objects to any such interrogatory on the grounds that it is premature in light of the present early stage of discovery.  The plaintiff expects to receive documents through discovery that will concern and provide information responsive to such interrogatories.   Because Fed. R. Civ. P. 26

imposes a duty of supplementation, complying with such interrogatories would require the plaintiffs to continually supplement their responses each time they receive an additional document or information concerning the subject contention on which the interrogatory seeks information.   Doing so would cause the plaintiff to suffer unnecessary burden and expense and would not serve to narrow the issues that are in dispute. *See, e.g, Nestle Foods Corporation, v. Aetna Casualty and Surety Company,* 135 F.R.D. 101, 110-111 ( D.N.J. 1990); *Conopco, Inc. v. Warner-Lambert Co.*, 2000 WL 342872, * 4 (D.N.J. 2000); *B. Braun Medical Inc., v. Abbot Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).   Accordingly, in response to any such contention interrogatory, the plaintiff will provide a response encompassing the current state of their knowledge, belief, and understanding, but reserve the right to supplement their interrogatory response pursuant to Fed. R. Civ. P. 26 at the conclusion of discovery, both as to the merits of this action and with respect to experts designated to testify at trial.

   11.    The plaintiff objects to any interrogatory that seeks information that is already in the defendants' possession.

   12.    The plaintiff states that the answer to many of the defendants' interrogatories may, in substantial part, be derived or ascertained from the plaintiff's records as well as documents produced by the defendants in discovery.   Pursuant to Fed. R. Civ. P. 33(d), as the burden of deriving or ascertaining the answer to such interrogatories from such records and documents is substantially the same for the defendants, the plaintiffs will respond to such interrogatories by identifying the documents and records from which the answer may be ascertained.

13. Unless otherwise indicated, the plaintiffs will not provide information encompassed by their general responses and objections or by their specific objections set forth below.

1. Regarding Interrogatory 2 & 3: Plaintiff is presently not in possession of further documents regarding the alleged debt.

2. Regarding Interrogatory 7: Plaintiff suffered actual damages as follows: Payment of $1,000 to settle the alleged debt, Plaintiff incurred a debt of $2,500 in attorney's fees for settling the alleged debt, the $400 filing fee for the within action, fees for service of process of the within action in the sum of $500.20.

**VERIFICATION**

I have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Affirmed to under the pains and penalties of perjury this 24th day of September, 2020

/ s / Lara Sanders
_____
Lara Sanders

Law Offices of Lawrence Katz,

/s/      Lawrence Katz
_____
By:    Lawrence Katz, Esq.,

70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 374-2118

*Attorneys for Plaintiff*

Page 5