# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARA M. SANDERS on behalf of themselves and all other similarly situated consumers,<br><br>         *Plaintiff,*<br><br>   - against -<br><br>CACH, LLC, RESURGENT HOLDINGS LLC, and RESURGENT CAPITAL SERVICES L.P.,<br><br>         *Defendant.* | Case: 19-996 |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION**

Pursuant to the Federal Rules of Civil Procedure, named plaintiff (hereinafter, the "Responding Plaintiff") hereby responds to the Defendants' Request for Production as follows:

**GENERAL RESPONSES AND OBJECTIONS**

Each of the Responding Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following general responses and objections. The assertion of the same, similar, or additional objections, or a partial response to any individual request does not waive any of the plaintiffs' general responses and objections.

1. The following responses reflect the current state of the plaintiff's knowledge, understanding and belief respecting matters about which inquiry has been made. The Plaintiff expressly reserves her right to supplement or modify these responses with such pertinent information as they may hereafter discover or as may be informed by

1

the opinions of experts retained by the parties to testify in the trial of this matter and will do so to the extent required by the Federal Rules of Civil Procedure. The Plaintiff expressly reserves the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

2. The Plaintiff objects to any demand that seeks information constituting or containing information concerning communications between the Plaintiff and her counsel, which are protected by the attorney-client privilege.

3. The inadvertent provision of information or the production by the Plaintiff of documents pursuant to Fed. R. Civ. P. 33(d) containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents. In the event that inadvertent production occurs, the Defendants shall return all inadvertently produced documents to the plaintiff upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

4. The Plaintiff objects to any demand to the extent that it purports to impose upon her any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any demand that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 33.

5. The Plaintiff objects to these demands to the extent that they are overbroad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the information sought.

6. The Plaintiff objects to any demand to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7. The Plaintiff objects to any demand as unduly and unnecessarily burdensome to the extent that it seeks information that is matter public record, already in the Defendants' possession, or otherwise readily available to the Defendants, and, therefore, may be accessed and obtained by the Defendants with less burden than the plaintiffs can identify and provide requested information.

8. Unless otherwise indicated, the Plaintiff will not provide information encompassed by their general responses and objections or by their specific objections set forth below.

**RESPONSES:**

1. For Defendant's Document Demand Number 1, Plaintiff produced documents bate stamped P1 through P62.

2. For Defendant's Document Demand Number 3, Plaintiff's produced documents bate stamped P1 through P62.

3

3. For Defendant's Document Demand Number 4, Plaintiff's produced documents bate stamped P1, P5, P9-P11, P-36-P42, P51-P59.

4. For Defendant's Document Demand Number 5, Plaintiff's produced documents bate stamped P2-P4, P6-P8, P57-P62.

5. For Defendant's Document Demand Number 6, Plaintiff's produced documents bate stamped P1, P5, P9-P11, P-36-P42, P51-P56.

6. For Defendant's Document Demand Number 11, in addition to the reports produced in P1-P62, pursuant to the Court's Order at the conference held on August 6, 2020, Plaintiff produces the following marked as confidential, for attorneys eyes only by attorneys of record, true copies of Plaintiff's unredacted credit reports from ███████████████████████████████████████████████████████████████.

7. For Defendant's Document Demand Number 12, Plaintiff's produced documents bate stamped P1, P-9-11, P36-P42.

8. For Defendant's Document Demand Number 13, Plaintiff's produced documents bate stamped P1, P11 and P51-P56.

9. For Defendant's Document Demand Number 20, Plaintiff's produced documents bate stamped P1, P11 and P51-P56.

4

10. For Defendant's Document Demand Number 21, Plaintiff did not suffer any mental of physical injury and as such as no documents relevant to this demand.

Dated: Valley Stream, New York
September 24, 2020

## VERIFICATION

I have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Affirmed to under the pains and penalties of perjury this 24th day of September, 2020.

/ s / Lara M. Sanders

Lara M. Sanders

Respectfully submitted,
Law Offices of Lawrence Katz,

/s/   Lawrence Katz
By:   Lawrence Katz, Esq.,

70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 374-2118

*Attorneys for Plaintiff*

5