# EXHIBIT F



A Pennsylvania Professional Corporation
ATTORNEYS AT LAW
www.finemanlawfirm.com

**PHILADELPHIA OFFICE**
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103-1628
(215) 893-9300
Fax: (215) 893-8719

**MONICA M. LITTMAN**
Direct Dial: (215) 893-8749
E-Mail: mlittman@finemanlawfirm.com
Admitted in PA and NJ

**NEW JERSEY OFFICE**
20 Brace Road
Suite 350
Cherry Hill, NJ 08034
(856) 795-1118
Fax: (856) 795-1110

*Please Reply to Philadelphia Office*

December 4, 2019

**By First Class Mail and Email lawrencekatzone@gmail.com;**

Lawrence Katz, Esquire
Law Offices of Lawrence Katz
445 Central Avenue, Suite 201
Cedarhurst, NY 11516

    RE:    Lara M. Sanders, on behalf of herself and all other similarly situated consumers v. CACH, LLC, Resurgent Holdings, LLC and Resurgent Capital Services L.P. U.S.D.C., D.N.J., Civil Action No. 2:19-cv-00996-SDW-JAD

Dear Mr. Katz:

Enclosed please find Defendants Cach, LLC, Resurgent Holdings, LLC and Resurgent Capital Services, L.P.'s First Set of Interrogatories, Request to Produce and Requests to Admit to Plaintiff. Please respond to same within the applicable time limits prescribed by the rules.

                      Very truly yours,

                      *Monica M. Littman*
                      MONICA M. LITTMAN

MML/sms

    cc:    Levi Huebner, Esquire (w/enclosure)(by First Class Mail and email
            **newyorklawyer@msn.com)**

{01659636;v1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**FINEMAN KREKSTEIN & HARRIS, P.C.**
*A Pennsylvania Professional Corporation*
BY    RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
        GRAEME E. HOGAN, ESQUIRE
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103-1628
(v) 215-893-9300; (f) 215-893-8719
rperr@finemanlawfirm.com
mlittman@finemanlawfirm.com
ghogan@finemanlawfirm.com
**Attorneys for Defendants Cach, LLC, Resurgent Holdings, LLC and Resurgent Capital Services L.P.**

| | |
|---|---|
| LARA M. SANDERS, on behalf of herself and all other similarly situated consumers<br>                        Plaintiff<br>v.<br>CACH, LLC, RESURGENT HOLDINGS, LLC., and RESURGENT CAPITAL SERVICES L.P.<br>                        Defendants | CIVIL ACTION<br><br>NO. 2:19-cv-00996- SDW-JAD |

## DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS TO PRODUCE & REQUESTS TO ADMIT TO PLAINTIFF

Defendants, CACH, LLC ("CACH") and Resurgent Capital Services, L.P. ("RCS"), by and through their undersigned counsel, respectfully request Plaintiff Lara M. Sanders answer the following interrogatories, requests to produce, and requests to admit pursuant to F.R.C.P. Rules 33, 34, and 36, respectively.

### DEFINITIONS & INSTRUCTIONS

In answering these discovery requests, Plaintiff is required to furnish all information that is available to her or subject to her reasonable inquiry including information in possession of her attorneys or other persons directly or indirectly employed by or connected with her or anyone else otherwise subject to her control.

{01659439;v1}1

In answering these discovery requests, Plaintiff must make a diligent search of her records and of other papers and materials in her possession or available to her or her representatives.

1. The words "You" and "Your" mean Plaintiff Lara M. Sanders and her representatives, employees, agents, partners, attorneys, predecessors, successors, assigns and affiliates.

2. "Document," "Documents" and "Documentation" includes written records, including but not limited to photos and computer-stored data and computer printouts.

3. "Communication" and "Communications" shall mean any verbal, written or other transmittal of words, thoughts, ideas or images between or among persons or groups of persons, whether in person, by letter, by telephone, by e-mail, by computer, or any other means including, without limitation, discussions, conversations, inquiries, interviews, negotiations, advertisements, agreements, understandings, cards, letters, correspondence, memorandums, policies, e-mails, telegrams, telexes, cables or other forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda and other records of communications.

4. "Person" or persons" shall mean and include any individual, firm, entity, partnership, corporation, joint venture, unincorporated association, banking association, governmental agency or department, trust, sole proprietorship, and any and all partners, officers, directors, employees, agents, trustees, attorneys and other representatives thereof.

5. "And/or" shall be construed both disjunctively and conjunctively so as to require the broadest possible answer.

6. "Refer" or "relate" shall mean, in addition to the customary and usual meaning, discussing, refer or referring, reflect or reflecting, assess or assessing, record or recording.

7. "Identify" "identifying" or "identification" when used in reference to a natural person means to state his or her full name and present or last known address, his or her present or last known position or business affiliation, and each of his or her positions.

8. If in responding to any discovery request You encounter any ambiguity in construing the request, interrogatory or instruction, You shall nevertheless respond to the discovery request, shall set forth the matter deemed "ambiguous" and shall explain how the matter is "ambiguous".

9. If any document was, but is no longer, in Your possession or subject to Your control, You shall identify the following:

    a) the document
    b) its author
    c) the recipient and all persons copied on such document;
    d) what disposition was made of the document;
    e) by whom;
    f) the date or approximate date on which such disposition was made; and
    g) why such disposition was made.

12. If You claim a privilege as a ground for failing to produce any document requested, You shall:

    a) Identify: (i) the author or originator of the document, (ii) the date the document was authored or originated, (iii) the identity of each person to whom the document was addressed or delivered, and (iv) the identity of each person known or reasonably believed by You to have possession or custody of the document;

    b) Describe the factual basis for Your claim of privilege in sufficient detail to permit a court to adjudicate the validity of that claim; and

    c) Produce so much of the document that does not contain the privileged information.

13. When producing any document requested, You must designate what specific request or requests to which the document applies. If a document is responsive to more than one request, You are to designate all requests to which You believe the document is responsive.

## INTERROGATORIES

1. Identify by name, last known address and telephone number each individual likely to have discoverable information relevant to the facts alleged with particularity in the pleadings, identifying the subjects of the information.

2. State who incurred the debt(s) at issue and identify the purpose for which said debt(s) were incurred, if any.

3. State any facts which support the assertion that the debt(s) at issue were incurred for personal, family or household purposes.

4. Identify all communications You had with or received from RCS and/or CACH, including the:

   a) Date and time of the Communication;

   b) Form of the Communication; and

   c) Substance of the Communication.

5. Identify all communications You had with or received from any consumer reporting agency, including but not limited to TransUnion, related to the debt(s) at issue, including the:

   a) Date and time of the Communication;

   b) Form of the Communication; and

   c) Substance of the Communication.

6. Identify all communications You and/or Your attorneys had with or received from Federated Law Group, PLLC related to the debt(s) at issue, including the:

   a) Date and time of the Communication;

   b) Form of the Communication; and

   c) Substance of the Communication.

7. Identify and describe with particularity all ways in which You claim to have been damaged by the conduct alleged in Your Amended Complaint, including but not limited to:

   a) The nature of the damages;

   b) The dates upon which You were damaged;

   c) The amounts for which You were damaged; and

   d) How the damages were calculated.

8. Identify by name, last known address and telephone number each and every witness through whom You intend to prove damages.

9. Identify with specificity the terms of the alleged settlement agreement referenced in Paragraph 28 of Your Amended Complaint.

10. Indicate whether You ever sought medical or professional treatment as a result of the events described in Your Amended Complaint and describe the dates, substance of such treatment, and the name and address of the medical provider through whom you sought treatment.

11. Identify any person (besides Your retained attorney) that You have spoken with concerning the subject of this lawsuit and state the substance of said Communication.

12. Identify each Person who assisted in, or supplied information used in, preparing answers to these interrogatories.

13. Describe Your educational background, including names of educational institutions attended, years of attendance, degrees and/or certifications obtained and dates such degrees and/or certifications were obtained.

14. Describe Your occupational history, including names of current and former employers, dates of employment, and position/title.

15. Describe how You became aware of proposed class counsel and came to engage them as Your attorneys in this litigation.

16. List (providing the court caption and case number) all civil suits or criminal actions filed in any state or federal court in which You are or were a named party.

17. Identify whether You suffer from any medical conditions or disabilities that may have any effect on Your ability to represent a class and if so describe.

18. Identify whether You have ever been treated by a psychologist or psychiatrist.

19. If You have ever been arrested for, charged with, convicted of, or pled guilty to, a crime, state the date of each arrest, arraignment, conviction or plea, the court in which such was rendered, and the exact nature of such crime.

20. Describe with particularity the terms of the agreement between You and proposed class counsel.

21. Describe with particularity the resources that proposed class counsel will commit to representing the proposed class in the instant litigation.

22. Identify by case name, Court, and case number each civil action which proposed class counsel has sought to certify a class of plaintiffs.

## REQUESTS TO PRODUCE

1. Produce all documents identified in, referred to, and/or used in the answering of the above interrogatories.

2. Produce a copy of any Complaints You filed in any state court, administrative agency, attorney general's office, or federal court in which You are or were a complainant or plaintiff and in which You alleged unlawful debt collection practices.

3. Produce any and all documents that support any claim of Yours against Defendants on the issue of liability and/or damages.

4. Produce all Communications You and/or Your attorneys sent or received from either CACH or RCS.

5. Produce all Communications You and/or Your attorneys sent or received from any consumer reporting agency related to the debt(s) at issue, including but not limited to any disputes and/or investigation results.

6. Produce all Communications You and/or Your attorneys sent or received from Federated Law Group, PLLC pertaining to the debt(s) at issue.

7. Produce any Documents which reflect account transactions (e.g. purchases, payments, fees, cash advances, etc.) for the debt(s) at issue in this litigation, including, but not limited to, copies of all Billing Statements.

8. Produce a copy of the cardmember agreement governing the debt(s) at issue.

9. Produce all Documents containing any information regarding any Communication identified in response to Requests to Produce Nos. 4 through 6 *supra*.

10. Produce a copy of any agreement(s) with proposed class counsel related to this lawsuit.

11. Produce complete unredacted copies of Your credit reports since 2017.

12. Produce a copy of the Superior Court of New Jersey for Essex County state court file pertaining to the debt(s) at issue, including all pleadings, motions, orders and other filings.

13. Produce a copy of the alleged settlement agreement referenced in Paragraph 28 of Your Amended Complaint.

14. Produce all work papers, notes, and documents of any expert witness who is expected to testify or who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

15. Produce all expert reports that have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit if the expert is expected to or may testify in this lawsuit.

16. Produce the Curriculum Vitae for any expert witness who is expected to testify or who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

17. Produce all statements You have taken or received from any Person in any way connected with the allegations contained in this lawsuit.

18. Produce copies of any billing records, invoices, or other proof of attorneys' fees incurred in connection with this matter.

19. Produce any and all documents which evidence any actual or other damages suffered by You as a result of the conduct complained of in Your Amended Complaint.

20. Produce a copy of the settlement payment referenced in Paragraph 74 of Your Amended Complaint.

21. If it is Your contention that You suffered mental or physical injury (including emotional distress) as a result of the events described in Your Amended Complaint, produce any

copies of bills, records, diagnosis or other records concerning any medical treatment you received.

## REQUESTS TO ADMIT

1. Admit that You suffered no actual damage as a result of the alleged violations pled in Your Amended Complaint.

2. Admit that You suffered no injury as a result of the alleged violations pled in Your Amended Complaint.

3. Admit that RCS never made an attempt to collect a debt from You.

4. Admit that CACH never made an attempt to collect a debt from You.

5. Admit that the debt(s) at issue in this litigation were not incurred for personal, family or household purposes.

6. Admit that You are unable to fairly and adequately represent the interests of the proposed class members.

7. Admit that You have interests antagonistic to the interests of other proposed class members.

8. Admit that You do not know how many persons make up the proposed class.

        **FINERMAN KREKSTEIN & HARRIS, P.C.**

    By: /s/ Monica M. Littman
       MONICA M. LITTMAN, ESQUIRE
       RICHARD J. PERR, ESQUIRE
       GRAEME E. HOGAN, ESQUIRE
       Ten Penn Center
       1801 Market Street, Ste. 1100
       Philadelphia, PA 19103-1628
       (v) 215-893-9300; (f) 215-893-8719
       mlittman@finemanlawfirm.com;
       rperr@finemanlawfirm.com;
       ghogan@finemanlawfirm.com

Dated: December 4, 2019  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, MONICA M. LITTMAN, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing via email and U.S. Mail on the following:

Lawrence Katz, Esq.
Law Offices of Lawrence Katz
445 Central Avenue, Suite 201
Cedarhurst, NY 11516
lawrencekatzone@gmail.com

Levi Huebner, Esq.
Levi Huebner & Associates, PC
488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
newyorklawyer@msn.com

/s/ Monical M. Littman
Monica M. Littman, Esquire

Dated: December 4, 2019