**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**KAUFMAN DOLOWICH & VOLUCK, LLP**
BY   RICHARD J. PERR, ESQUIRE
       MONICA M. LITTMAN, ESQUIRE
       GRAEME E. HOGAN, ESQUIRE
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kdvlaw.com; mlittman@kdvlaw.com; ghogan@kdvlaw.com
**Attorneys for Defendants CACH, LLC and Resurgent Capital Services, L.P.**

_____

| | |
|---|---|
| LARA M. SANDERS, on behalf of herself and all other similarly situated consumers : <br> Plaintiff : <br> v. : <br> CACH, LLC, and RESURGENT CAPITAL SERVICES, L.P. : <br> Defendants : | CIVIL ACTION <br><br><br> NO. 2:19-cv-00996-JXN-JSA |

**CERTIFICATION IN SUPPORT OF MOTION TO SEAL**

I, Monica M. Littman, Esq., being duly sworn according to law, certifies and states as follows:

1. I am an attorney at Kaufman Dolowich & Voluck, LLP, counsel for Defendants CACH, LLC ("CACH") and Resurgent Capital Services, L.P. ("RCS") (collectively, "Defendants").

2. I submit this Certification under Local Civ. R. 5.3(c)(3) in support of Defendant's Motion to Seal RCS' credit reporting policies and procedures and portions of RCS's Agency Operations Manual.

1

3. Plaintiff files this class action lawsuit against Defendants alleging violations of the Fair Debt Collection Practices Act and Fair Credit Reporting Act.

4. During discovery Defendants produced an unredacted copy of RCS' policies and procedures relative to credit reporting and a redacted copy of RCS' Agency Manual to Plaintiff.

5. RCS' policies and procedures relative to credit reporting and a redacted copy of RCS' Agency Manual to Plaintiff are attached as Exhibit 5 and Exhibit 6, respectively, to the Declaration of Kimberly Hannigan submitted in support of Defendants' Motion for Summary Judgment (the "Exhibits").

6. Attached to this Certification is an Index in accordance with Local Civ. R. 5.3(c) and Appendix U.

7. The Exhibits contain highly sensitive and confidential information about the proprietary internal procedures and practices of Defendants.

8. Defendants have a legitimate privacy interest in keeping its internal documents confidential that reflect its proprietary business practices.

9. Defendants would suffer a clearly defined and serious injury if the Exhibits were not maintained under seal. Specifically, Defendants' competitors and unknown potential third-party litigants would have access to the information and could use it to Defendants' detriment, should this Court not grant Defendants' Motion to Seal.

10. There are no less restrictive alternatives to sealing the Exhibits as the entirety of the Exhibits constitutes proprietary information. Defendants would suffer

serious injury if there was a disclosure of the confidential and proprietary information contained in the Exhibits to anyone not involved in this litigation.

11.   This Court previously ordered that a redacted version of the December 4, 2020 Letter Order discussing RCS' Agency Operations Manual be filed on the public docket and an unredacted version under seal, given the Order contained direct quotes from RCS' Agency Operations Manual. *See* Doc. #98. There are no prior orders addressing the sealing of RCS' policies and procedures relative to credit reporting.

12.   On October 29, 2021, Defendants asked Plaintiff via email if Plaintiff would consent to a Motion to Seal. Defendants followed up with Plaintiff via email on November 4, 2021. Plaintiff, however, has not provided a response to Defendants' requests as of the date and time of filing this Certification.

13.   I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 12, 2021            /s/ Monica M. Littman
                                    MONICA M. LITTMAN, ESQUIRE

## **CERTIFICATE OF SERVICE**

I, MONICA M. LITTMAN, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Lawrence Katz
Law Offices of Lawrence Katz
445 Central Avenue, Ste. 201
Cedarhurst, NY 11516
lawrencekatzone@gmail.com
*Attorney for Plaintiff*

/s/ Monica M. Littman
MONICA M. LITTMAN, ESQUIRE

Dated: November 12, 2021

4868-5851-0339, v. 1