## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**KAUFMAN DOLOWICH & VOLUCK, LLP**
BY    RICHARD J. PERR, ESQUIRE
         MONICA M. LITTMAN, ESQUIRE
         GRAEME E. HOGAN, ESQUIRE
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kdvlaw.com; mlittman@kdvlaw.com; ghogan@kdvlaw.com
**Attorneys for Defendants CACH, LLC and Resurgent Capital Services, L.P.**

| | | |
|---|---|---|
| LARA M. SANDERS, on behalf of herself | : | CIVIL ACTION |
| and all other similarly situated consumers, | : | NO. 2:19-cv-00996-JXN-JSA |
| Plaintiff, | : | |
| v. | : | |
| CACH, LLC, and RESURGENT | : | |
| CAPITAL SERVICES, L.P., | : | |
| Defendants. | : | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS

Defendants CACH, LLC ("CACH") and Resurgent Capital Services, L.P. ("RCS") (collectively "Defendants"), by and through their undersigned attorneys and pursuant to Local Civil Rule 56.1, hereby submit the following responses to the statements of material fact submitted by Plaintiff, Lara M. Sanders ("Plaintiff"):[1]

---

[1] Although no document titled Local Rule 56.1 Statement of Material Facts or the like was attached to Plaintiff's Motion for Summary Judgment, Plaintiff did include a document titled "Affirmation" at Doc. #121-1 which Defendants can only assume was intended to constitute the Local Rule 56.1 Statement.

## GENERAL OBJECTION

Per the Court's September 20, 2021 Order, Plaintiff was bound by its statement of undisputed material facts previously submitted as Doc. #119-1 and was required to refile an unmodified version of that statement with its motion for summary judgment. *See* Doc. #120. In direct contradiction to the Court's Order, Plaintiff has filed a modified version of the statement which adds substantial text to Paragraphs 1 through 15 and includes an entirely new statement of fact at Paragraph 16. For the Court's convenience, Defendants have notated the additions by underlining them below. Because Plaintiff was bound by her previously submitted statement of facts, Defendants object to inclusion of the new material and the Court's consideration of the new material. Notwithstanding said objection, however, Defendants have responded to the substance of each addition below.

## RESPONSES

1.   Plaintiff, Lara M. Sanders ("Plaintiff") is a consumer. <u>Attached as **Exhibit 1** is a true copy of the complaint CACH, LLC ("Cach" or "Defendant" filed in State court over the same subject debt and representing that the purported debt arises from a personal obligation to pay a personal credit card.</u>

**RESPONSE:** Disputed in part. Defendants agree that Exhibit 1 is a true copy of the complaint Federated Law Group, PLLC ("FLG") filed on behalf of CACH in state

court to collect the subject debt from Plaintiff personally. Defendant disputes the remainder of Paragraph 1 which is in no way supported by Exhibit 1. The Fair Debt Collection Practices Act ("FDCPA") defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" in turn is defined to mean obligations "to pay money arising out of a transaction . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Exhibit 1 does not indicate for what purpose the subject debt was incurred. Moreover, that the debt stems from a personal credit card is not dispositive of Plaintiff's consumer status. *See Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) ("The fact that a loan is informal or that the lender may have loaned the money for personal reasons does not make it a personal loan under the FDCPA. The Act characterizes debts in terms of end uses, covering debts incurred 'primarily for personal, family or household purpose.' Neither the lender's motives nor the fashion in which the loan is memorialized are dispositive of this inquiry.").

2.  Cach LLC ("Cach" or "Defendant") is a debt collector. <u>Attached as **Exhibit 2** is a true copy of the bill of sale represented by Cach, stating: the charge off date is "2012-06-27" and the date of assignment is "June 27, 2014." *See Tepper v. Amos Fin., LLC*, 898 F.3d 364, 371 (3d Cir. 2018) (an entity whose principal purpose of business is acquiring debts for the purpose of collection is a debt collector regardless whether the</u>

entity owns the debts it collects).

**RESPONSE:** Disputed in part. Defendants agree that Exhibit 2 is a true copy of the Bill of Sale for the subject debt showing a charge-off date of June 27, 2012 and a date of assignment to CACH of June 27, 2014. Defendants dispute that Plaintiff has cited material in the record to support that CACH is a "debt collector" as required by D.N.J. Local Rule 56.1(a) and Fed. R. Civ. P. 56(c). Specifically, Plaintiff has failed to cite any evidence in the record to support that CACH uses instrumentalities of interstate commerce or the mails and its principal purpose is the collection of debt arising from personal or household transactions. *See* 15 U.S.C. § 1692a(5), (6); *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1721-22 (2017) (concluding that creditors, such as CACH, cannot satisfy the "regularly collects" for another definition set forth in § 1692a(6)).

3.    Resurgent Capital Services, L.P. ("Resurgent Capital" or "Defendant") is a debt collector. (ECF 32 ¶ 20), also attached as **Exhibit 3** p. 7:9-8:2 is a true copy of the deposition transcript, in which Resurgent Capital identifies itself as a "master servicer" of debt, who collect debt by either assigning a third party as the collector or doing the collection themselves.

**RESPONSE:** Disputed in part. Defendants agree that RCS is the "master servicer" for CACH-owned accounts and that RCS "sometimes" collects but typically places

accounts with third parties for collection. *See* Doc. #121-4 (K. Hannigan Dep. Trans.) at p. 3; Doc. #123-2 (K. Hannigan Decl.) at p. 3, ¶6 ("RCS does not typically take any collection action itself, but rather engages various third-party independent service providers, including attorneys, to collect the accounts managed by it."). Defendants dispute that Plaintiff has cited material in the record to support that RCS is a "debt collector" as required by D.N.J. Local Rule 56.1(a) and Fed. R. Civ. P. 56(c). Specifically, Plaintiff has failed to cite any evidence in the record to support either that RCS' principal purpose is the collection of debt arising from personal or household purposes and/or that RCS regularly collects or attempts to collect debt arising from personal or household purposes. *See* 15 U.S.C. § 1692a(5), (6).

4.      The debt collection activities of Cach are serviced by Resurgent Capital. See, Exhibit 3, p. 7:4-5 the deposition transcript, in which Resurgent Capital testified "Well, CACH owns the account and we service the account for them."

**RESPONSE:** Disputed in part. Defendants agree that since June 2017, RCS has acted as the master servicer of CACH-owned accounts. *See* Doc. #123-2 (K. Hannigan Decl.)  p. 3, ¶5. Defendants dispute, however, that CACH and/or RCS actively engage in "debt collection activities" as suggested by Statement No. 4 given that RCS does not typically take any collection action itself but rather engages third-party independent service providers and CACH does not have any employees. *See*

*id.* at ¶¶4, 6.

5.      The subject debt arises from a consumer debt involving a credit card that was used for personal expenses. <u>See, Exhibit 1 the complaint that CACH filed in State court over the same subject debt and representing that the purported debt arises from a personal obligation to pay a personal credit card.</u>

**RESPONSE:** Disputed in part. Defendants agree that the subject debt arises from a credit card account. Defendants dispute that Plaintiff has established with citations to materials in the record, as required by D.N.J. Local Rule 56.1(a) and Fed. R. Civ. P. 56(c), that the subject debt arose from personal expenses. Indeed, Exhibit 1 does not indicate for what purpose the subject debt was incurred. Moreover, as explained *supra*, that the debt stems from a *personal* credit card is not dispositive of Plaintiff's consumer status.

6.      On or about December 4, 2017, Cach and Plaintiff settled with prejudice an alleged debt of $15,372.00 in consideration of payment in the sum of $1,000.00. <u>Attached as **Exhibit 4** is a true copy of the defendant's acknowledgment of settlement. Attached as **Exhibit 5** is a true copy of the negotiation and the terms of the settlement agreement. Attached as **Exhibit 6** is a true copy of the canceled check deposited by Cach.</u>

6

**RESPONSE:** Disputed in part. Defendants agree that on or about November 29, 2017, Federated Law Group, PLLC ("FLG") negotiated a $1,000.00 settlement of the $15,372.51 subject debt on behalf of CACH. *See* Doc. #123-3 (Plaintiff's production) at p. 2-4. It is further undisputed that on December 4, 2021, FLG, as attorneys for CACH, stipulated to a dismissal with prejudice of the state court collection lawsuit filed against Plaintiff to collect the debt. *See* Doc. #21-1 (Stipulation of Discontinuance). That CACH deposited the $1,000 payment and/or negotiated or acknowledged the settlement prior to January 30, 2018 is disputed and has not been supported by Plaintiff with citations to materials in the record as required by D.N.J. Local Rule 56.1(a) and Fed. R. Civ. P. 56(c); *see also* Doc. #123-2 (K. Hannigan Decl.)  p. 5, ¶16 (FLG deposited the payment and did not advise CACH of the settlement). Specifically, Plaintiff's Exhibit 4, shows only that RCS knew *as of* January 30, 2018 that the $1,000 payment was in settlement of the account in full, while Plaintiff's Exhibit 5 supports that FLG negotiated the settlement and accepted the settlement payment. Finally, Exhibit 6 in no way indicates who deposited the payment, nor has any witness with personal knowledge authenticated the check contained therein as the $1,000 payment delivered and accepted by FLG.[2] *See Flory v. Pinnacle Health Hosps.*, 346 Fed. Appx. 872, 877

---

[2] While Plaintiff's counsel attests that the check is a true and accurate copy, the record does not support that he is a person with knowledge where the check on its face is not written from his account.

(3d Cir. 2009) ("only evidence admissible at trial may be considered in ruling on motion for summary judgment"). Fed. R. Evid. 901 (evidence must be authenticated before it can be introduced); Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

> 7.   On December 6, 2017, the Settlement check was negotiated and accepted by Defendants as a complete resolution of any further collection activities. <u>See, Exhibit 4, the defendant's acknowledgment of settlement.</u>

**RESPONSE:** Disputed in part. Defendants agree that on or about December 6, 2017, FLG received and deposited the $1,000.00 settlement payment and later remitted payment to RCS. *See* Doc. #123-2 (K. Hannigan Decl.) at p. 5, ¶¶15-16. Defendants dispute that they negotiated, accepted and/or deposited the check or had knowledge that the payment was negotiated by FLG in full settlement prior to January 30, 2018 which is all Plaintiff's Exhibit 4 shows.

> 8.   On or about January 10, 2018, Defendants reported the debt on Plaintiff's account as owed in full, less the amount received for the settlement, and the report was made in the sole name of "Cach LLC." Attached as **<u>Exhibit 7</u>** is a <u>true</u> copy of the[3] notification Plaintiff

---

[3] The statement of facts previously filed, stated instead: "Attached as Exhibit D is a

received advising of said report.

**RESPONSE:** Disputed in part. Defendants agree that on <u>January 11</u>, 2018, RCS reported the subject debt on behalf of CACH as owed in full, less the $1,000 payment remitted to RCS. *See* Doc. #123-3 (K. Hannigan Decl.) at p. 9, ¶¶31-34; Doc. #123-2 at p. 41 (Credit Reporting History). Defendants dispute that the reporting occurred on <u>January 10</u>, 2018 and any suggestion that CACH submitted the reporting. *See id.* Responding further, Defendant states that Exhibit 7 – an undated, incomplete document from Credit Karma – cannot be considered at summary judgment for the truth of the matters asserted therein as there is no affidavit from Credit Karma laying a foundation for admissibility of the content. *See* Fed. R. Evid. 901(a) (evidence must be authenticated before it can be introduced); *Appleby v. Glaxo Wellcome, Inc.*, 2005 U.S. Dist. LEXIS 32875, *6-7 (D.N.J. Dec. 13, 2005) ("To be considered as evidence in a motion for summary judgment, documents must be properly authenticated in satisfaction of Federal Rule of Evidence 901(a). . . . Documents can be authenticated by an affidavit of an individual with *personal knowledge* able to provide evidence sufficient to support a finding that the matter in question is what its proponent claims. However, the failure to establish that the document is genuine renders the evidence inadmissible.") (emphasis added, internal quotations omitted); *Countryside Oil Co. v. Travelers Ins. Co.*, 928 F. Supp. 474, 482 (D.N.J. 1995) ("In

---

copy of the notification . . . ." Doc. #119-1 at p. 2.

order for a document to be considered by a court in ruling on a motion for summary judgment, the document must be authenticated by and attached to an affidavit . . . . unauthenticated documents may not be relied upon to defeat a motion for summary judgment."). As it stands, the contents of Exhibit 7 constitute inadmissible hearsay and consequently cannot be admitted for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Fed. R. Evid. 802 ("Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court."); *Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009) ("Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment."). In fact, the contents constitute double hearsay as the document purports to originate from Credit Karma but consists of credit reporting data purportedly obtained from Equifax. *See* Doc. #121-8 (http:www.creditkarma.com/myfinances/creditreport/equifax/view/print#overview) Plaintiff has failed to identify any representative of Credit Karma and/or Equifax with personal knowledge of Exhibit 7 available to testify at trial and/or that the representatives' testimony would bring the contents of Exhibit 7 within the reach of any exception to the hearsay rule.[4] Accordingly, Exhibit 7 cannot be considered for

---

[4] Notably, Plaintiff never subpoenaed either entity in the course of this litigation.

the truth of the matters asserted therein. *Bouriez v. Carnegie Mellon Univ.*, 2005 U.S. Dist. LEXIS 18324, *27 (W.D. Pa. Aug. 26, 2005) ("The *mere possibility* that a hearsay statement will be admissible at trial, does not permit its consideration at the summary judgment stage.") (emphasis added). At best, Exhibit 7 could be admitted for purposes of showing that Plaintiff received notice on some unidentified date and therefore believed as of that unidentified date that the debt was being reported as stated; however, what Plaintiff believed is immaterial to the elements of Plaintiff's FDCPA claim and therefore the purported "notification" Plaintiff received is inadmissible for this reason as well. *See* Fed. R. Civ. P. 402 ("Irrelevant evidence is not admissible.").

9.     The same day, on January 10, 2018, Plaintiff disputed the debt with TransUnion through Credit Karma Direct Dispute. Attached as **Exhibit 11** is a true copy of Plaintiff's affirmation dated November 12, 2021.

**RESPONSE:** Disputed. The material cited – Exhibit 11 – cannot be presented in a form admissible in evidence as Plaintiff's assertions that she disputed the debt on January 10, 2018 constitutes inadmissible hearsay and violates the best evidence rule. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802; Fed. R. Evid. 1002. With respect to the best evidence rule, Rule 1002 limits the form of evidence admissible to prove the content of writings, such as the "dispute" identified in Paragraph 9: "An original writing, recording, or photograph is required in order to prove its content unless

these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. The Rules of Evidence make provision for the admission of other evidence, such as witness testimony, in certain events such as when "all the originals are lost or destroyed, and not by the proponent acting in bad faith" or "an original cannot be obtained by any available judicial process." Fed. R. Evid. 1004. Plaintiff, however, has not established either event in this instance. In fact, Plaintiff never even attempted to subpoena either Credit Karma or TransUnion in order to obtain a copy of the dispute.

10. On or about January 30, 2018, Resurgent Capital issued a letter to Plaintiff stating, "This letter will verify that this account was settled in full on 12/06/2017." See, Exhibit 4 the defendant's acknowledgment of settlement.

**RESPONSE:** Undisputed.

11. On or about February 3, 2018, Cach reported the resolved debt as an "open account" still ">in collection<" owing $14,372.00, (an amount claimed less the $1,000.00 settlement payment). Attached as **Exhibit 9** is a true excerpt of the plaintiff credit report with TranUnion [sic].

**RESPONSE:** Disputed. Plaintiff has failed to support the assertion made in Paragraph 11 with admissible evidence in violation of D.N.J. Local Rule 56.1(a) and Fed. R. Civ. P. 56(c). Specifically, Exhibit 9 – an undated, incomplete document which does not even mention TransUnion – cannot be considered at summary

judgment as it has not been authenticated by TransUnion – presumably the only person/entity that can provide testimony that the item is what it is claimed to be. *See* Fed. R. Evid. 901(a); *Appleby*, 2005 U.S. Dist. LEXIS 32875, *6-7; *Countryside Oil Co.*, 928 F. Supp. at 482. As it stands, the contents of Exhibit 9 constitute inadmissible hearsay and consequently cannot be admitted for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802; *Smith*, 589 F.3d at 693. Indeed, Plaintiff has failed to identify any representative of TransUnion with personal knowledge of Exhibit 9 available to testify at trial regarding the content of the exhibit and/or that the representative's testimony would bring the contents of Exhibit 9 within the reach of any exception to the hearsay rule. Furthermore, even if the contents of Exhibit 9 were admissible into evidence for the truth of the matters asserted therein, Plaintiff has failed to cite any competent evidence that "Date Updated" as contained in Exhibit 9 refers to the date information was submitted by the furnisher (i.e. RCS) rather than the date the account was updated by TransUnion. Finally, regardless of the exhibit's admissibility, Defendants' admissible business records refute the assertion made in Paragraph 11. *See* Doc. #123-3 (K. Hannigan Decl.) at p. 9, ¶¶31-34 (credit reported the debt as owed only once after settlement payment was received); Doc. #123-2 at p. 41 (Credit Reporting History).

    12.    On February 7, 2018, Defendants updated Plaintiff's credit report to

state that the debt is owed in full without recognizing the settlement amount.[5] Attached as **Exhibit 8** is a true copy of the notification plaintiff received.

**RESPONSE:** Disputed. Plaintiff has failed to support the assertion made in Paragraph 12 with admissible evidence in violation of D.N.J. Local Rule 56.1(a) and Fed. R. Civ. P. 56(c). Specifically, Exhibit 8 – a document purportedly from Credit Karma Direct Dispute – cannot be considered at summary judgment as Plaintiff has failed to properly authenticate the document. *See* Fed. R. Evid. 901(a); *Appleby*, 2005 U.S. Dist. LEXIS 32875, *6-7; *Countryside Oil Co.*, 928 F. Supp. at 482. As it stands, the content of Exhibit 8 constitutes inadmissible hearsay and consequently cannot be admitted for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802; *Smith*, 589 F.3d at 693. In fact, the content constitutes double hearsay as the document purports to originate from Credit Karma but consists of statements purportedly obtained from TransUnion. *Compare* Paragraph 9 *supra* (claiming that dispute was submitted via "Credit Karma Direct Dispute") *with* Doc. #121-9 ("Direct Dispute" heading). Plaintiff has failed to identify any representative of Credit Karma and/or TransUnion with personal knowledge of Exhibit 8 available to testify at trial and/or that the representatives' testimony would bring the contents

---

[5] Paragraph 12 of Doc. #119-1 in contrast stated: "On February 7, 2018, Defendant updated the debt as owed in full without recognizing the settlement amount." Doc. #119-1 at p. 2.

of Exhibit 8 within the reach of any exception to the hearsay rule. Accordingly, Exhibit 8 cannot be considered for the truth of the matters asserted therein. Furthermore, even if the contents of Exhibit 8 were admissible into evidence for the truth of the matters asserted therein, the document in no way supports that Defendants updated Plaintiff's credit report on February 7, 2018 to reflect that the entire balance was due; rather the document, on its face, reflects only that "TransUnion . . . completed [its] investigation [of Plaintiff's dispute of the $15,372.00 balance] on Feb 07, 2018." *See* Doc. #121-9. Finally, regardless of the exhibit's admissibility, Defendants' admissible business records refute the assertion made in Paragraph 12. *See* Doc. #123-3 (K. Hannigan Decl.) at p. 9, ¶¶31-34 (only credit reported the debt as owed once after settlement payment was received); Doc. #123-2 at p. 41 (Credit Reporting History).

13.   Defendant continued the collection activities by reporting the debt to the Credit Bureaus as past due when such debt has already been resolved. <u>Attached as **Exhibit 10** is a true copy of the notification Plaintiff received demanding payment on behalf of Cach.</u>

**RESPONSE:** Disputed. Plaintiff has failed to support the assertion made in Paragraph 13 with admissible evidence in violation of D.N.J. Local Rule 56.1(a) and Fed. R. Civ. P. 56(c). Specifically, Exhibit 10 – a document which purports to be from Credit Karma– cannot be considered at summary judgment for the truth of the

matters asserted therein as there is no affidavit from Credit Karma laying a foundation for admissibility of the content. *See* Fed. R. Evid. 901(a); *Appleby*, 2005 U.S. Dist. LEXIS 32875, *6-7; *Countryside Oil Co.*, 928 F. Supp. at 482. As it stands, the content of Exhibit 10 constitutes inadmissible hearsay and consequently cannot be admitted for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802; *Smith*, 589 F.3d at 693. In fact, the content constitutes double hearsay as the document purports to originate from Credit Karma but consists of statements purportedly obtained from TransUnion. *See* Doc. #121-11. Plaintiff has failed to identify any representative of Credit Karma and/or TransUnion with personal knowledge of Exhibit 10 available to testify at trial and/or that the representatives' testimony would bring the contents of Exhibit 10 within the reach of any exception to the hearsay rule.[6] Accordingly, Exhibit 10 cannot be considered for the truth of the matters asserted therein. Furthermore, even if the contents of Exhibit 10 were admissible into evidence for the truth of the matters asserted therein, the document in no way supports that Plaintiff received a notice demanding payment on behalf of CACH. Finally, regardless of the exhibit's admissibility, Defendants' admissible business records refute that the balance was reported as due and owing more than once after the settlement payment was received. *See* Doc. #123-3 (K. Hannigan Decl.) at p. 9, ¶¶31-34 (only credit reported the debt as owed once after

---

[6] Notably, Plaintiff never subpoenaed either entity in the course of this litigation.

settlement payment was received); Doc. #123-2 at p. 41 (Credit Reporting History).

14. Defendants caused damages to Plaintiff by withholding truthful information that is material for the consumer. See, Exhibit 11 Plaintiff's affirmation.

**RESPONSE:** Disputed. Specifically, Plaintiff has failed to support the assertion made in Paragraph 14 with competent evidence in support. Indeed, Plaintiff's bare, conclusory assertion in her "affirmation" that she was damaged is insufficient at the summary judgment stage to establish that she was in fact damaged. *See Kare Distrib. v. Jam Labels & Cards LLC*, 2012 U.S. Dist. LEXIS 10718, *17 (D.N.J. Jan. 30, 2012) (rejecting a plaintiff's bare conclusory allegations of damages at summary judgment because "[p]laintiff's burden at this stage requires 'more than just bare, assertions, conclusory allegations or suspicions.'") (quoting *Podobnik v U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005)); *Khrakovskiy v. Denise*, 2009 U.S. Dist. LEXIS 96650, *26 (D.N.J. Oct. 14, 2009) (unpublished) ("The Supreme Court has unequivocally stated that the object of Rule 56(e) 'is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.'") (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Furthermore, none of the damages Plaintiff disclosed in discovery as having suffered as a result Defendants' conduct arise from the withholding of truthful information. *Compare* Doc. #123-7 (Defendants' Written Discovery Requests to Plaintiff) at p. 7

17

(Interrogatory No. 7 required Plaintiff to identify and describe with particularity all ways in which she claimed to have been damaged by the conduct alleged in her Complaint, including the nature of the damages, the dates of damage and amounts for which she was damaged) *with* Doc. #123-5 (Plaintiff's Supp. Interrogatory Response) at p. 6 (claiming that Plaintiff suffered actual damages only in the form of the $1,000 settlement payment, attorneys' fees paid to settle the subject debt, and the costs incurred in filing and serving this lawsuit). Because the claimed damages were never previously disclosed and the failure to disclose the new category of damages in discovery is neither substantially justified nor harmless, Plaintiff is not allowed to rely upon that category of damages at summary judgment or trial. *See* Fed. R. Civ. P. 37(c)(1).

15.   Defendants caused damages to Plaintiff with its negative reporting to the credit bureaus. See, Exhibit 11 Plaintiff's affirmation.

**RESPONSE:** Disputed. Specifically, Plaintiff has failed to support the assertion made in Paragraph 15 with competent evidence in support. Indeed, Plaintiff's bare, conclusory assertion in her "affirmation" that she was damaged is insufficient at the summary judgment stage to establish that she was in fact damaged. *See Kare Distrib.*, 2012 U.S. Dist. LEXIS 10718 at *17. Furthermore, none of the damages Plaintiff disclosed in discovery as having suffered as a result Defendants' conduct arise from negative reporting. *Compare* Doc. #123-7 (Defendants' Written

Discovery Requests to Plaintiff) at p. 7 *with* Doc. #123-5 (Plaintiff's Supp. Interrogatory Response) at p. 6. Because the claimed damages were never previously disclosed and the failure to disclose the new category of damages in discovery is neither substantially justified nor harmless, Plaintiff is not allowed to rely upon that category of damages at summary judgment or trial. *See* Fed. R. Civ. P. 37(c)(1).

16.    Defendants caused damages to Plaintiff with its negative reporting to the credit bureaus. First, Plaintiff had to retain an attorney to deal with an issue that went far beyond the settlement, given the representation that led Plaintiff to believe that the alleged debt was resolved. Second, Plaintiff incurred defamation damages when Credit Karma received the slander made by Defendants on her credit report and as a result, Credit Karama [sic] was misled to believe that Plaintiff has an outstanding balance with Cach, and as a result Plaintiff was dunned for a balance that she did not owe. Third, despite having the alleged debt resolved, the Defendants misrepresentations to the credit bureaus created a live controversy questioning whether the settlement resolved the debt in full or whether the settlement paid was a partial payment towards the balance of $15,372.00. Fourth, by responding to Plaintiff's dispute with the credit bureaus that the debt as owed in full, Defendants have now foreclosed Plaintiff from the opportunity to submit the same dispute if

the debt resurface on Plaintiff's credit report.

**RESPONSE:** Disputed. First, Plaintiff fails to support Paragraph 16 with citations to materials in the record in violation of D.N.J. Local Rule 56.1(a) and Fed. R. Civ. P. 56(c). Furthermore, Plaintiff's bare, conclusory assertions as set forth in Paragraph 16 that she was damaged without competent evidence to support is insufficient at the summary judgment stage to establish that she was in fact damaged. *See Kare Distrib.*, 2012 U.S. Dist. LEXIS 10718 at *17. Moreover, none of the damages identified in Paragraph 16 were previously disclosed in discovery. *Compare* Doc. #123-7 (Defendants' Written Discovery Requests to Plaintiff) at p. 7 *with* Doc. #123-5 (Plaintiff's Supp. Interrogatory Response) at p. 6. Because the claimed damages were never previously disclosed and the failure to disclose the new categories of damages in discovery is neither substantially justified nor harmless, Plaintiff is not allowed to rely upon those categories of damages at summary judgment or trial. *See* Fed. R. Civ. P. 37(c)(1). Finally, the assertions made in Paragraph 16 about what Credit Karma was told also constitutes inadmissible hearsay for the reasons set forth in Paragraphs 8, 12 and 13 above.

Respectfully submitted,

KAUFMAN DOLOWICH & VOLUCK, LLP

BY:  /s/ Monica M. Littman
     RICHARD J. PERR, ESQUIRE
     MONICA M. LITTMAN, ESQUIRE
     GRAEME E. HOGAN, ESQUIRE
     Four Penn Center
     1600 John F. Kennedy Blvd., Suite 1030
     Philadelphia, PA 19103
     (215) 501-7024 (phone)
     (215) 405-2973 (fax)
     rperr@kdvlaw.com; mlittman@kdvlaw.com;
     ghogan@kdvlaw.com

     MESSER STRICKLER, LTD.

By:  /s/ Katherine M. Saldanha Olson (Pro Hac Vice)
     KATHERINE M. SALDANAH OLSON, ESQ.
     225 W. Washington St., Ste. 575
     Chicago, IL 60606
     (v) 312-334-3444; (f) 312-334-3444
     kolson@messerstrickler.com

Dated: December 6, 2021    *Attorneys for Defendants CACH, LLC and Resurgent Capital Services, L.P.*

21

## <u>CERTIFICATE OF SERVICE</u>

I, MONICA M. LITTMAN, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Lawrence Katz
Law Offices of Lawrence Katz
445 Central Avenue, Ste. 201
Cedarhurst, NY 11516
lawrencekatzone@gmail.com
lkatz@lawkatz.com
*Attorney for Plaintiff*

/s/ Monica M. Littman
MONICA M. LITTMAN, ESQUIRE

Dated: December 6, 2021