UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LARA M. SANDERS, | : : | |
| Plaintiff, | : : | Civil Action No. 19-cv-996 (JXN) (JSA) |
| v. | : : : | OPINION |
| CACH, LLC, *et al* | : : | |
| Defendants. | : : : : : | |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court upon the filing of two motions: 1) Plaintiff Lara M. Sanders' ("Plaintiff" or "Sanders") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 [ECF No. 121], which Defendants CACH, LLC ("CACH") and Resurgent Capital Services, L.P. (collectively, "Defendants") opposed [ECF No. 134], to which Plaintiff replied [ECF No. 143]; and Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 [ECF No. 122], which Plaintiff opposed [ECF No. 135], to which Defendants replied [ECF No. 141]. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). After carefully considering the parties' written submissions, Plaintiff's motion for summary judgment [ECF No. 121] is **DENIED** and Defendants' motion for summary judgment [ECF No. 122] is **GRANTED**.

**I.     BACKGROUND**

In or around July 2017, Defendant CACH commenced a debt-collection action against Plaintiff in the Superior Court of New Jersey, alleging that Plaintiff had incurred credit card debt in the amount of $15,372.00. Am. Compl. ¶ 25, ECF No. 21. On December 4, 2017, CACH and

Plaintiff allegedly settled the state-court action for $1,000.00, and the parties executed a stipulation of discontinuance with prejudice. *Id.* ¶ 27. On December 6, 2017, CACH accepted the settlement check "as a complete resolution of any further collection activities." *Id.* ¶ 29. In a letter dated January 30, 2018, Defendant Resurgent Capital notified Plaintiff that her account with CACH "was settled in full on 12/06/2017." ECF No. 21-6.

Despite the parties' settlement agreement, Plaintiff alleges that between January 10, 2018, and February 7, 2018, Defendants continued to report that she owed a debt. Specifically, on January 10, 2018, Defendants "reported the debt on Plaintiff's account as owed in full, less the amount received for the settlement[.]" Am. Compl. ¶ 30.

On January 23, 2019, Plaintiff brought the instant suit against Defendants as a putative-class action. ECF No. 1. On May 30, 2019, Plaintiff filed an Amended Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and breach of contract. On September 10, 2019, the Honorable Susan D. Wigenton, U.S.D.J., entered an Opinion and Order granting in part and denying in part Defendants' motion to dismiss. *See* ECF Nos. 28-29. The claims that survived dismissal are: (1) a § 1692e claim brought under the FDCPA due to the alleged inaccurate credit reporting of a settled balance; and (2) a § 1682s-2(b) claim brought under the FCRA for an alleged failure to properly investigate a dispute and correct the overstated balance. *Id.* Currently pending before the Court are the parties' motions for summary judgment. ECF Nos. 121, 122.

## II.   LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."

Federal Rule of Civil Procedure 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citation omitted).

  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322. If the movant satisfies its initial burden, the nonmoving party cannot rest upon mere allegations in the pleadings to withstand summary judgment; rather, the nonmoving party "must counter with specific facts which demonstrate that there exists a genuine issue for trial." *Orson*, 79 F.3d at 1366. Specifically, the nonmoving party "must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp*, 271 F.3d 560, 564 (3d Cir. 2001); *see Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995) ("[A] plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case."). Thus, "a mere 'scintilla of evidence' in the nonmovant's favor" is insufficient to create a genuine issue of fact." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660,

666 (3d Cir. 2016) (citation omitted); *see Lackey v. Heart of Lancaster Reg'l Med. Ctr.*, 704 F. App'x 41, 45 (3d Cir. 2017) ("There is a genuine dispute of material fact if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party."). Ultimately, it is not the Court's role to make findings of fact, but to analyze the facts presented and determine if a reasonable jury could return a verdict for the nonmoving party. *See Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000).

### III. DISCUSSION

#### A. Defendants' Motion for Summary Judgment

Defendants seek summary judgment on the grounds that Plaintiff lacks standing, among other grounds. Defendants contend that the "record here is devoid of any evidence to support that Plaintiff suffered an injury as a result of the claimed violations. Specifically, there is no evidence to support that Plaintiff was ever denied credit or suffered any other detriment as a result of the alleged inaccurate reporting." ECF No. 123 at 4.

In response, Plaintiff argues that there is "a live controversy as to whether the debt is still owed," that "Plaintiff suffered damages when Credit Karma received the slander made by Defendants on Plaintiff's credit report that the debt is still owed," and that Plaintiff "suffered actual damages by having to retain an attorney to redress the bait and switch played by Defendants." ECF No. 135-20 ¶¶ 18-20.

To establish Article III standing, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

4

A plaintiff must have standing for a federal court to exercise subject matter jurisdiction over that plaintiff's claims. *Lujan*, 504 U.S. at 560. "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Id.* at 561. Federal courts have a duty to assess whether standing exists "throughout the case . . . not merely at the time the complaint is filed." *Daye v. GC Servs. Ltd. P'ship*, No. 21-cv-7981(MAS)(TJB), 2022 WL 4449381, at *2 (D.N.J. Sept. 23, 2022) (citing *Schumacher v. SC Data Ctr., Inc.*, 912 F.3d 1104, 1105 (8th Cir. 2019) (internal citations and quotations omitted)).

At this stage of the litigation, the Court can ascertain whether Plaintiff has standing based on the evidence submitted in the record, which to date only consists of Plaintiff's certification. Plaintiff contends that she suffered damages due to Defendants withholding truthful information that is material for the consumer and negative reporting to the credit bureaus. *See* PSOF, ECF No. 121-1 ¶¶ 14-15 (citing ECF No. 121-12, Exhibit 11 Plaintiff's affirmation). Plaintiff attempts to assert another claim for damages in an unauthorized filing, which directly contradicted the Court's September 20, 2021 Order. In that filing, Plaintiff contends that Defendants' negative credit reporting caused her "damages" because: (1) she had to retain an attorney to deal with the issue; (2) she suffered defamation damages when Credit Karma was misled to believe that Plaintiff had an outstanding balance with CACH; (3) the reporting created questions of whether the debt was resolved; and (4) Defendants have foreclosed Plaintiff from submitting the same dispute in the future. *See* ECF No. 121-1 ¶ 16. As explained more fully below, Plaintiff has not demonstrated a concrete injury to satisfy Article III standing.

As an initial matter, on September 20, 2021, the Court entered an Order directing the parties to "refile their ***unmodified*** statement of undisputed material facts simultaneously with the motion for summary judgment." ECF No. 120 (emphasis added). Thus, the parties were bound by their

statements of undisputed material facts previously submitted and were required to refile an unmodified version of their statements with their motions for summary judgment. *Id.* In direct contradiction to the Court's Order, Plaintiff submitted a modified statement of undisputed material facts adding citations to evidence and paragraph 16, which consists of additional claims in support of damages. *See* ECF No. 121-1 ¶ 16; *compare id.*, *with* ECF No. 119-1. Because Plaintiff was bound by her previously submitted statement of facts, the Court will disregard the assertions made by Plaintiff in paragraph 16.[1]

In her response brief, Plaintiff appears to make the same arguments asserted in paragraph 16 in support of her claim that she suffered a concrete injury for Article III purposes. Plaintiff contends that she suffered a concrete injury because Defendants reiterated that she owed a debt that was previously settled, and Credit Karma was misled to believe that Plaintiff had an outstanding balance. *See* ECF No. 135-20 ¶¶ 18-19. Despite Plaintiff's contentions, Plaintiff has not submitted any evidence that she was ever denied credit or suffered any other detriment as a result of the alleged inaccurate reporting. As the Supreme Court articulated in *TransUnion LLC v. Ramirez*, "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021). Thus, whereas here, there is no evidence to support the contention that the claimed inaccurate information was disseminated to third-parties, there is no concrete harm.

Plaintiff also contends that she suffered actual damages by having to retain an attorney. ECF No. 135-20 ¶ 20. The Supreme Court has stated that "a plaintiff cannot achieve standing to

---

[1] The Court makes two additional notes regarding Plaintiff's modified statement of undisputed material facts. First, the Court notes that Plaintiff failed to support the assertions of damages contained in paragraph 16 with citations to admissible evidence in support as required by Local Civil Rule 56.1(a) and Fed. R. Civ. P. 56(c). Accordingly, the assertions may be disregarded on that ground as well. Second, to the extent that Plaintiff's modified statement of undisputed material facts was revised to include citations to evidence that was not included in ECF No. 119-1, the Court will consider the statement and evidence cited therein.

litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself. ***An interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim***." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (internal citations and quotations omitted) (emphasis added). Thus, the cost of bringing a suit and attorney's fees do not give rise to Article III standing. Accordingly, the Court finds that Plaintiff lacks standing to pursue her claims and Defendants' motion for summary judgment is granted. [2]

### B. Plaintiff's Motion for Summary Judgment[3]

Plaintiff moves for judgment on her claim that Defendants violated § 1692e of the FDCPA by reporting a settled account as due and owing. *See* ECF No. 121-13.

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir.

---

[2] Aside from their standing argument, Defendants contend that Plaintiff neither addresses nor refutes that she only pled a willful violation of § 1681s-2(b). *See* ECF No. 141 at 14-15. As a result, Defendants argue that Plaintiff has abandoned her FCRA claim. *Id.* In her response, Plaintiff contends that FCRA and FDCPA claim "are derived from the same set of facts that as a matter of law produce the review of the same standard, and the analysis." *See* ECF No. 143 ¶¶ 31-32. Thus, Plaintiff asserts that she "does not have to multiply the proceeding with irritating the same factual arguments over and over." Because the Court finds that Plaintiff lacks Article III standing and has not established a FDCPA claim (*see* section B), the Court will not review Plaintiff's FCRA claim, which Plaintiff abandoned. *See Durham v. Dep't of Corr.*, No. 03-cv-6101 (JLL), 2006 WL 8458197, at *2 (D.N.J. June 12, 2006) ("When a plaintiff fails to defend a count of its Complaint against a defendant's motion for summary judgment, it is considered abandoned."); *see also Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 627 (D.N.J. 1996) (granting summary judgment on the basis that motion considered unopposed); *United States v. Rohm & Haas Co.*, 939 F. Supp. 1157, 1161 (D.N.J. 1996) (granting summary judgment on basis that Plaintiff's argument was unopposed, and thus no genuine issue of material fact was created).

[3] Although Plaintiff has not demonstrated Article III standing, the Court will address Plaintiff's motion for summary judgment for the sake of providing a full review.

2014)).  Defendants contend that Plaintiff has failed to satisfy her burden of proving the first three (3) elements of her FDCPA claim.

The Court will address the first and third element together.  The FDCPA defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  "Debt" in turn is defined to mean obligations "to pay money arising out of a transaction . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).  Thus, as Defendants correctly note, "to satisfy the first and third elements of Plaintiff's FDCPA claim, Plaintiff must cite sufficient evidence to demonstrate that the subject account arose from personal, family or household transactions."  ECF No. 134 at 3.

In her moving brief, Plaintiff claims that "[t]he subject debt arises from a consumer debt involving a credit card that was used for personal expenses." ECF No. 121-13 ¶ 1.  In support of this allegation, Plaintiff points the Court to an unverified state court complaint that Defendant CACH filed against Plaintiff in the Superior Court of New Jersey.  *See id.* n.5.  Although Plaintiff does not explain why this complaint is sufficient to establish that Plaintiff is a consumer, Plaintiff provides an affirmation from her counsel, Lawrence Katz, Esquire, which provides that the "subject debt arises from a consumer debt involving a credit card that was used solely for personal expenses and purchases." *See* Lawrence Katz Affirmation, ECF No. 121-1 ¶ 5

In response, Defendants contend that Plaintiff's claim that the debt stems from a personal credit card is not dispositive of Plaintiff's consumer status. *See* ECF No. 134 at 4. Rather, the end uses for which the debt was incurred is sufficient to establish that Plaintiff is a consumer within the meaning of the FDCPA. *See id.* (citing cases).  Moreover, Defendants contend that Plaintiff has not cited sufficient evidence to demonstrate that the subject account arose from personal, family or household transactions.  *See* ECF No. 134 at 3.  Defendants note that the only evidence

8

cited in support of Plaintiff's assertion that she is a consumer and that the subject account is a "debt" within the meaning of FDCPA is the complaint that Defendant CACH filed in New Jersey Superior Court against Plaintiff.  *See id.*  Defendants argue that this state court complaint does not reveal the nature of the transactions that give rise to the subject debt.  *Id.* at 4 (citing ECF No. 121-2).

In her reply, Plaintiff contends that several points refute Defendants' argument on consumer debt.  *See* ECF No. 143 ¶ 5.  First, Plaintiff argues that "Defendants did not produce the 'Exhibit B,' that was purportedly attached the to the State complaint, showing the monthly billing statements owed by Plaintiff."  *Id.*  Plaintiff claims that these "monthly billing statements could inform whether the purported debt was incurred as a consumer debt."  *Id.*  Plaintiff further claims that Defendants "did not produce the monthly billing statements because these documents would have confirmed that the subject debt are a consumer debt."  *Id.*  Second, Plaintiff argues that she submitted a certification in support of her motion that "[t]he purported debt in this case arises from a personal obligation to pay a personal credit card that I have had since 1998. I only used this card for personal expenses and purchases."  *See id.* ¶ 5 (citing ECF No. 121-12 ¶ 2).  Third, Plaintiff contends that "Defendants cannot genuinely dispute its own statement that the credit card was used 'to purchase goods and services.'"  *Id.*  Finally, Plaintiff claims that Defendants identified Plaintiff as a "consumer."  *Id.*

Here, Plaintiff has not submitted sufficient evidence to establish that the debt was consumer debt.  When conducting a consumer debt inquiry, courts have explained that "what matters is the actual charges made that incurred the debt, not necessarily the original credit agreement."  *Burton v. Kohn L. Firm S.C.*, No. 16-CV-594, 2018 WL 1785495, at *5 (E.D. Wis. Apr. 13, 2018), *aff'd,* 934 F.3d 572 (7th Cir. 2019).  The only evidence that Plaintiff submits in support of

9

her claim that the debt was consumer debt, is an unverified state court complaint and a personal certification that provides that "[t]he purported debt in this case arises from a personal obligation to pay a personal credit card that I have had since 1998. I only used this card for personal expenses and purchases." *See* ECF No. 121-12 ¶ 2.  This evidence does not reveal the nature of Plaintiff's transactions, nor does it demonstrate that Plaintiff's obligation to pay arises from transactions that were primarily for personal, family, or household purposes.

Nevertheless, Plaintiff argues that Defendants did not produce Plaintiff's monthly billing statement, which "could inform whether the purported debt was incurred as a consumer debt." *See* ECF No. 143 ¶ 5.  Even if Plaintiff's argument were true, Plaintiff cannot withstand Defendants' summary judgment motion because it is her burden to show that the debt in question is consumer debt.  It is not Defendants' burden to establish that the debt is not consumer debt.  Moreover, Plaintiff has had every opportunity to seek production of any documents and information that were relevant to the parties' claims and defenses.[4]  Prior to the parties' motions, discovery in this matter had been ongoing for almost two years.  The time to raise discovery disputes has long passed.  As the Seventh Circuit has stated, "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).  Plaintiff has not put forth sufficient evidence to demonstrate that the debt incurred was for personal, family, or household use.  Accordingly, Plaintiff's motion for summary judgment is denied.

---

[4] The Court notes that Plaintiff was aware of the billing statements well before the parties filed their instant motions. The billing statements were referenced in the state court complaint, which Plaintiff attached to her Amended Complaint.  *See* ECF No. 21-3.

10

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [ECF No. 121] is **DENIED** and Defendants' motion for summary judgment [ECF No. 122] is **GRANTED**. A separate Order accompanies this Opinion.

DATED: February 15, 2023

<u>s/ Julien Xavier Neals</u>
**JULIEN XAVIER NEALS**
United States District Judge